NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY

*Duane Morris®*

*FIRM and AFFILIATE OFFICES*

MORRIS S. BAUER
DIRECT DIAL: +1 973 424 2037
PERSONAL FAX: +1 973 556 1380
*E-MAIL:* MSBauer@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

March 23, 2022

**VIA ELECTRONIC FILING**

The Honorable Christine M. Gravelle
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ  08608

    **Re:**  **Varun Malik Case No. 22-11708**

        **LIMITED OBJECTION TO THE RETENTION OF MIDDLEBROOKS SHAPIRO P.C. AS COUNSEL TO CHAPTER 11 DEBTOR IN POSSESSION**

Dear Judge Gravelle:

    This firm represents Fulton Bank, N.A. ("Fulton Bank"), as a creditor in the above-referenced Chapter 11 case of Varun Malik (the "Debtor").  On March 3, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 case.  On that same date, the Debtor filed an application to retain the services of Middlebrooks Shapiro P.C. (the "Middlebrooks Firm"), as counsel to the Debtor.  Please accept this letter in lieu of a more formal pleading as Fulton Bank's limited objection to the Debtor's Application to Retain the Middlebrooks Firm (the "Application").

    Federal Rule of Bankruptcy Procedure Rule 1007 requires the Debtor to file its schedules of assets and liabilities and statement of financial affairs (the "Schedules") within 14 days of the Petition Date unless otherwise extended by the court.  As of this date, no order has been entered extending the March 17, 2022 deadline for the filing of Schedules.  Many of Fulton Bank's limited objections may have been answered had the Schedules been timely filed.

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*    DAVID A. SUSSMAN, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800    PHONE: +1 973 424 2000   FAX: +1 973 424 2001
NEWARK, NJ 07102-5429
DM3\8548602.1



The Honorable Christine M. Gravelle
March 23, 2022
Page 2

In reviewing the Application, Fulton Bank has the following inquiries which should be addressed prior to granting the retention of the Middlebrooks Firm:

1)      The Application states the existence of a "retainer agreement". The retainer agreement was not attached to the Application. A copy of this retainer agreement should be provided to all parties in interest for their review and possible objection thereto prior to any approval of the proposed retention.

2)      The Application states that a retainer of $15,000 was paid. The Application is devoid as to who made the payment of the retainer. The 2016(B) statement was required to be filed on or before March 17, 2022, which statement would reflect payments made within one (1) year of the Petition Date, any prior agreements and who paid the retainer.

3)      The Application does not disclose the Middlebrooks Firm's representation of Textile Décor (USA), Inc., an entity that is owned by the Debtor and an entity that the Middlebrooks Firm represents as an assignor in an assignment for the benefit of creditors proceeding.

4)      The Application does not state as to when the Middlebrooks Firm commenced rendering services to the Debtor. The statement of financial affairs would have provided such information. Fulton Bank has reason to believe that the Middlebrooks Firm may had been retained long before the filing of the Petition. If this is the case, then there may be an issue as to the date of their commencing of services in relation to their receipt of payment, i.e., whether the Middlebrooks Firm received a preferential payment as its retainer. See In re First Jersey Securities, Inc., 180 F.3d 504 (3rd Cir. 1999); In re Pillowtex, Inc., 304 F.3d 246 (3rd Cir. 2002).

5)      The Application appears to limit the services to be rendered by the Middlebrooks Firm in paragraph 5 where it states that "Middlebrooks Shapiro, P.C. will assist the Debtor in the preparation of the Chapter 11 petition, schedules and statement of financial affairs, representation at the Initial Debtor interview; the 341(a) Meeting of Creditors; prepare required pleadings; and standard Chapter 11 work, *however, any litigation or contested matters will be subject to application to this Court and charged as additional legal services*." Fulton Bank is unable to discern this limitation and possible additional retention. The Debtor has commenced an adversary proceeding against Fulton Bank, which appears that the representation may not have been included under the Application. This limitation needs to be clarified.

DuaneMorris

The Honorable Christine M. Gravelle
March 23, 2022
Page 3

      For the foregoing reasons, Fulton Bank respectfully requests that the Application either be denied without prejudice, or in the alternative adjourned until the Debtor and the Middlebrooks Firm have provided additional information for the parties to review and state their position.

                                  Respectfully submitted,

                                  */s/ Morris S. Bauer*

                                  Morris S. Bauer

MSB/adj

cc:     Melinda D. Middlebrooks, Esq. (via electronic filing)
         Joseph Shapiro, Esq. (via electronic filing)
         Margaret McGee, Esq. (UST) (via electronic filing)
         Rebecca K. McDowell, Esq. (via electronic filing)
         Robert P. Saltzman, Esq. (via electronic filing)
         Denise Carlon, Esq. (via electronic filing)
         Fulton Bank, N.A. (via email)