**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
(973) 218-6878 (fax)
Joseph M. Shapiro, Esq.
*jshapiro@middlebrooksshapiro.com*
Attorneys for Varun Malik
Chapter 11 Debtor and Debtor-In-Possession

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| **VARUN MALIK**, | Honorable Christine M. Gravelle |
| Chapter 11 Debtor and Debtor-in-Possession. | Chapter 11 |
| | Case No.: 22-11708-CMG |

**OBJECTION TO FULTON BANK'S MOTION FOR DISMISSAL OR, IN THE ALTERNATE, FOR STAY RELIEF**

Chapter 11 Debtor and Debtor-In-Possession Varun Malik (the "Debtor"), by and through his counsel Middlebrooks Shapiro, P.C., hereby objects to the motion to dismiss or, alternatively, for stay relief filed on behalf of creditor Fulton Bank, N.A. ("Fulton Bank") on March 15, 2022 (Docket No. 13) (the "Motion"), and states as follows:

**FACTUAL BACKGROUND**

Debtor relies upon his Certification and all exhibits thereto in support of this Objection. Debtor incorporates the facts and information in his Certification into this Objection as if set forth at length herein.

**OBJECTION**

Fulton Bank has failed to demonstrate cause for dismissal of the above-captioned Chapter 11 reorganization (the "Bankruptcy Case"). Fulton Bank has failed to demonstrate cause for stay

1

relief to return the parties to its protracted state court litigation. Debtor requests that this Court deny Fulton Bank's Motion with prejudice.

Section 1112(b)(1) of the Bankruptcy Code states:

> [O]n request of a party in interest, and after notice and a hearing … the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, **if the movant establishes cause**.

11 U.S.C. § 1112(b)(1) (emphasis added).

The statute provides a non-exclusive list of possible causes for conversion or dismissal at 11 U.S.C. § 1112(b)(4). While "good faith" is not one of the enumerated causes for dismissal listed in Section 1112, in the Third Circuit, a Chapter 11 case may be dismissed if a movant establishes that it was not filed in "good faith". *See*, *e.g.*, *In re Integrated Telecom Express, Inc.*, 384 F.3d 108 (3d Cir.2004); *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir.1999). As explained by the Third Circuit in *In re 15375 Memorial Corp. v. Bepco, L.P.*:

> Chapter 11 bankruptcy petitions are "subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith and the burden is on the bankruptcy petitioner to establish [good faith]." *In re Integrated Telecom Express, Inc.*, 384 F.3d at 118 (citations omitted). "Whether the good faith requirement has been satisfied is a 'fact intensive inquiry' in which the court must examine 'the totality of facts and circumstances' and determine where a 'petition falls along the spectrum ranging from the clearly acceptable to the patently abusive.' " *Id.* (quoting *In re SGL Carbon Corp.*, 200 F.3d at 162).7 **We "focus[ ] on two inquiries that are particularly relevant to the question of good faith: (1) whether the petition serves a valid bankruptcy purpose" and "(2) whether the petition is filed merely to obtain a tactical litigation advantage."** *Id.* at 119–20 (citing *In re SGL Carbon Corp.*, 200 F.3d at 165).

589 F.3d 605, 618 (3d Cir. 2009) (emphasis added).

If a movant shows "cause" under the statute, a debtor can avoid mandatory conversion or dismissal only if the debtor can establish that the requirements of Section 1112(b)(2) are satisfied, which provides that:

2

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within ... a reasonable period of time.

11 U.S.C. § 1112(b)(2).

### **The Debtor's Chapter 11 Reorganization Was Filed In Good Faith**

Fulton Bank fails to establish "cause" for dismissal because it has failed to demonstrate any lack of good faith on the part of the Debtor in his pursuit of Chapter 11 reorganization. To the contrary, and as set forth in his Certification, the Debtor at Docket No. 35 has filed his *Small Business Debtor's Plan of Reorganization*, which the Debtor submits demonstrates both the Debtor's dedication to his preservation of his estate, and his dedication to maximizing the property available to all creditors. Here, the Debtor has filed his Petition in good faith, and has already efficiently and effectively pursued reorganization through his Plan of Reorganization.

Generally, there is a presumption that debtors file petitions for reorganization in good faith. *In re Petralex Stainless, LTD.*, 78 B.R. 738, 743 (Bankr. E.D. Pa. 1987), *citing*, *U.S. Fidelity & Guar. Co. v. DJF Realty and Suppliers, Inc.*, 58 B.R. 1008 (N.D. N.Y. 1986). Here, the Debtor has a right to the benefit of that presumption considering not only the age of this case, but the extent of the work and diligence performed by the Debtor to date.

Once the issue of good faith has been raised, "the burden is on the bankruptcy petitioner to establish that its petition has been filed in good faith." *In re SGL Carbon Corp.*, 200 F.3d 154, 159-62 (3d Cir. 1999). The United States Supreme Court has identified two of the basic purposes of Chapter 11 as: (1) preserving going concern value; and (2) maximizing the property available to satisfy creditors. *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated*

3

*Telecom Express, Inc.)*, 384 F.3d 108, 119 (3d Cir. 2004), *citing*, *Bank of Am. Nat'l Trust & Sav. Ass'n v. 03 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). Here, the Debtor has already demonstrated his plan to preserve ongoing value and to maximize distribution to all of his creditors, including secured, priority unsecured, and general unsecured creditors.

Fulton Bank's request to dismiss the Debtor's Chapter 11 reorganization fails when viewed from the totality of the circumstances including, but not limited to, when considering the following fourteen (14) factors cited by Fulton Bank and articulated by the bankruptcy court *in In re Stingfree Techs. Co.*, 427 B.R. 337, 352 (Bankr. E.D. Pa. 2010) (citation omitted).

First, the Debtor has numerous unsecured creditors whose debts total no less than $100,000.00, and which creditors have already filed proofs of claim with this Court totaling over $75,000.00, with many weeks remaining before the claims bar date.

Second, the Plaintiff has never filed bankruptcy previously, and is not "forum shopping", but rather a New Jersey resident seeking the protection of the Bankruptcy Court.

Third, there has been no prepetition, or post-petition, improper conduct by the Debtor, and the Debtor has at all times acted in good faith in connection with the state court litigation and the underlying Chapter 11 reorganization.

Fourth, there are no court orders which the Debtor is attempting to evade through Chapter 11 reorganization, only protracted litigation which is unduly burdensome and damages both the Debtor and the potential of the Debtor's orderly and efficient reorganization.

Fifth, the Debtor has over $100,000.00 in debts to other non-moving creditors, including priority and general unsecured debts.

Sixth, there was no pending foreclosure and the Debtor's Petition was not filed on the eve of any foreclosure.

Seventh, there is no foreclosure property at issue in this case.

Eighth, the Debtor has two (2) ongoing business concerns which he operates to fund his reorganization.

Ninth, there is a high likelihood of the Debtor reorganizing as proposed in the Debtor's Plan of Reorganization.

Tenth, the Debtor's income is sufficient to both operate his ongoing concerns, and to fund his Plan of Reorganization.

Eleventh, the Debtor's over $100,000.00 in debts to other non-moving creditors greatly contributed to the Debtor's need to reorganize under the protections of this Court under Chapter 11.

Twelfth, the Debtor's Plan of Reorganization involves many creditors, not just Fulton Bank, and reorganization is necessary under Chapter 11 in order to resolve all of the claims and issues inherent to that Reorganization.

Thirteenth, the Debtor is not a corporate debtor, and did not receive title to any assets before filing the Petition.

Fourteenth, the Debtor did not file the Bankruptcy Case solely for the automatic stay, but instead to reorganize as a Chapter 11 debtor to resolve all claims with all creditors.

The totality of the circumstances, including consideration of the foregoing factors, weighs in favor of the Debtor's reorganization under the protections of this Court.

**Fulton Bank Has Not Demonstrated "Cause" For Stay Relief**

As set forth at length in the Debtor's Certification, the State Court Action is unduly burdensome to the Debtor's reorganization, and the majority of the claims set forth in Debtor's Adversary Proceeding are core Bankruptcy Code matters and are under the exclusive jurisdiction

of this Court. Fulton Bank fails to demonstrate that the balance of the harms weigh in its favor and, to the contrary, the Debtor has demonstrated that he will be unduly burdened and harmed if Fulton Bank is permitted to continue its protracted state court litigation.

First, the Adversary Proceeding is not primarily based on a state law claims or causes of action. Only two (2) claims are based in state law (Count II for breach of the covenant of good faith and faith dealing and Count III for promissory estoppel), while three (3) claims are based directly in the Bankruptcy Code (Count IV for determination of the validity and extent of Fulton Bank's secured claim against property of the estate under 11 U.S.C. § 506, Count V – claim disallowance under 11 U.S.C. § 502, and Count VI for claim estimation under 11 U.S.C. § 502), and the remaining claims is based in federal statutory law (Count I for damages arising from violations of the Equal Credit Opportunity Act (ECOA) under 15 U.S.C. § 1691).

Second, Counts IV, V and VI all arise under the Bankruptcy Code, and "invoke a substantive right provided by title 11" and "by [their] nature could arise only in the context of a bankruptcy case" and are core to the underlying Chapter 11 case, and are directly related to the Bankruptcy Case. *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999). Further, Counts I, II and II originated and remain "counterclaims by the estate against persons filing claims against the estate" and are core under 28 U.S.C. § 157(b)(2)(C). Count IV seeks a "determination[] of the validity, extent, or priority of [Fulton Bank's] lien[]" against property of the Plaintiff's Chapter 11 bankruptcy estate and is core under 28 U.S.C. § 157(b)(2)(K). Counts V and VI seek "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11 …" and are core under 28 U.S.C. § 157(b)(2)(B). Counts I, II, and III, which are claims held by Plaintiff and are property of the Chapter 11 estate, are "matters concerning the administration of the estate"

and are under 28 U.S.C. § 157(b)(2)(A). The Adversary Proceeding is itself a "proceeding[] affecting the liquidation of the assets of the estate [and] the adjustment of the debtor-creditor relationship, and therefore is core under 28 U.S.C. § 157(b)(2)(O).

Third, the federal courts would have jurisdiction over all Counts in the Adversary Proceeding in light of the federal question jurisdiction under 28 U.S.C. § 1332 arising from Count I for damages arising from violations of the Equal Credit Opportunity Act (ECOA) under 15 U.S.C. § 1691, with supplemental jurisdiction over the state law claims directly related and arising from that case and controversy.

Fourth, Counts VI, V and IV, which arise under the Bankruptcy Code, were not and could not have been commenced in state court, as this Bankruptcy Court has exclusive jurisdiction over those claims.

Fifth, in addition to the impossibility of Counts VI, V and IV being adjudicated at all in state court for lack of the state court's jurisdiction over Bankruptcy matters, the remaining three (3) claims cannot be "timely adjudicated" in state court as there is no trial date set in that action, and extensive and overly burdensome discovery is ongoing in state court. *See*, Certification.

## CONCLUSION

Plaintiff requests that this Court deny Fulton Bank's Motion with prejudice, and grant Debtor such other and further relief deemed just and equitable.

Respectfully submitted,

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey   07081
(973) 218-6877
(973) 218-6878 (fax)
Attorneys for Varun Malik
Chapter 11 Debtor and Debtor-In-Possession


/s/ Joseph M. Shapiro
_____
By: Joseph M. Shapiro, Esq.

Dated: March 29, 2022