**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
Joseph M. Shapiro, Esq.
*jshapiro@middlebrooksshapiro.com*
Counsel to Chapter 11 Debtor and Debtor-
in-Possession and Plaintiff, Varun Malik

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**VARUN MALIK**,<br><br>        Chapter 11 Debtor<br>        and Debtor-in-Possession. | Honorable Christine M. Gravelle<br><br>Chapter 11<br><br>Case No.: 22-11708-CMG |
| **VARUN MALIK,**<br><br>        Plaintiff,<br><br>v.<br><br>**FULTON BANK, N.A.,**<br><br>        Defendant. | Adv. Pro. No. 22-01069-CMG |

**CERTIFICATION OF JOSEPH M. SHAPIRO, ESQ.**

Joseph M. Shapiro, Esq.**,** of legal age, hereby certifies as follows:

1.  I am a Partner with Middlebrooks Shapiro, P.C., which is counsel Varun Malik ("Malik"), who is the Chapter 11 Debtor and Debtor-in-Possession in the above-captioned Chapter 11 reorganization entitled *In Re: Vaun Malik*, Case No. 22-11708-CMG (the "Bankruptcy Case"), and the Plaintiff in the above-captioned related adversary proceeding entitled *Varun Malik v. Fulton Bank, N.A.*, Adv. Pro. No. 22-01069-CMG (the "Adversary Proceeding").

2. As such, I have personal knowledge of the facts set forth herein.

3. I make this certification in further support of the Objections filed on behalf of Malik in response to the combined motion to dismiss, for abstention, for stay relief, and for related relief (the "Motion") filed on behalf of creditor Fulton Bank, N.A. ("Fulton Bank") in both the Bankruptcy Case and in the Adversary Proceeding.

4. Malik was referred to Middlebrooks Shapiro, P.C. by Riker Danzig Scherer Hyland & Perretti, LLP ("Riker Danzig").

5. Riker Danzig represented Malik in the New Jesey Superior Court (the "State Court") action entitled *Fulton Bank, N.A. v. Textile Décor USA, Inc. and Varun Malik*, Case No. SOM-L-265-21 (the "State Court Action"). *See*, annexed hereto as Exhibit A, a true and accurate copy of correspondence dated April 4, 2022 from Derrick R. Freijomil, Esq., Partner at Riker Danzig.

6. The State Court Action is currently stayed as to Malik by virtue of his bankruptcy petition. *Id.*

7. By State Court Order dated March 18, 2022, Riker Danzig was relieved as Counsel for Textile Décor USA, Inc. ("Textile Décor") due to Textile Décor's execution of a Deed of Assignment for the Benefit of Creditors, and the State Court Action was stayed for thirty days as to Textile Décor. *Id.*

8. To date, there has been no substantive determination of the merits of any allegations in the State Court Action, except for the dismissal of Fulton's fraud in the performance claim. *Id.*

9. The only Order compelling any discovery or finding any discovery infractions in the State Court Action was a September 28, 2021 Order compelling Fulton to produce documents by dates certain. *Id.*

10. Neither Malik nor Textile Décor have been found in violation of any discovery obligations or found to have been liable on the merits or committed any fraud, which they have denied in the State Court Action. *Id.*

11. Prior to Riker Danzig being engaged as Counsel in the State Court Action, Fulton brought an Order to Show Cause seeking an order of Replevin as to certain collateral, which the Court granted on March 17, 2021. *Id.*

12. Riker Danzig substituted in as Counsel for Malik and Textile Décor thereafter and amicably conveyed possession of the collateral at issue under the Order of Replevin to Fulton. *Id.*

13. On April 12, 2021, Malik and Textile Décor filed an Answer and Counterclaim for discrimination under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. ("ECOA"), and its implementing regulations, Breach of the Covenant of Good Faith and Fair Dealing, and Promissory Estoppel. Notably, Malik and Textile Décor disputed having signed the alleged November 29, 2019 Loan Modification Agreement. *Id.*

14. The matter was subsequently delayed in May 2021, as Fulton divulged an issue concerning a conflict, which resulted in the Judge presiding over the State Court Action recusing himself and the matter being reassigned to a different Judge. *Id.*

15. Paper discovery nonetheless commenced, and Textile Décor and Malik served Fulton with initial discovery, which Fulton promptly refused to answer. *Id.*

3

16. Instead, Fulton filed a motion seeking to dismiss Malik and Textile Décor's Counterclaim and to stay its obligations to respond to discovery on the assertion that it did not have to respond until after its motion to dismiss was decided. *Id.*

17. Malik and Textile Décor opposed and filed a cross-motion to compel Fulton to respond to discovery. *Id.*

18. While the motions were pending, Fulton provided written responses to discovery, but declined to produce any documents. *Id.*

19. On September 28, 2021, the Court denied Fulton's motion to dismiss and ordered Fulton to produce documents by dates certain. *Id.*

20. Fulton's written discovery responses were woefully deficient, as many simply stated that a response was not required due to its pending motion to dismiss and others failed to provide the requested information. *Id.*

21. Fulton also failed to provide all its documents by the dates ordered and failed to provide all the requested documents. *Id.*

22. Despite amending its responses, Fulton's responses remained deficient. Malik and Textile Décor identified those deficiencies and sought to meet and confer about them, which Fulton declined. *Id.*

23. Malik and Textile Décor had also responded to Fulton's discovery, which Fulton claimed was deficient. *Id.*

24. Malik and Textile Décor sought to meet and confer as to the same, but Fulton declined and instead filed motions to compel. *Id.*

25. Malik and Textile Décor opposed and filed their own motions to compel, as well. *Id.*

26. Fulton amended its Complaint to withdraw its replevin claim and assert a cause of action for fraud against Textile Décor and Malik, based on claims of fraud in the inducement and fraud in the performance of the contract documents. *Id.*

27. Malik and Textile Décor filed a motion seeking to dismiss the same. *Id.*

28. Eventually, with all the motions pending, the parties agreed on December 31, 2021, to withdraw their various discovery motions to meet and confer to try and resolve the discovery issues. *Id.*

29. On February 1, 2022, the Court ruled on the pending motion to dismiss and dismissed Fulton's claim of fraud in the performance, but denied without prejudice Malik and Textile Décor's motion to dismiss the fraudulent inducement. *Id.*

30. Fulton asked to meet and confer about discovery when Textile Décor and Malik were unavailable, but Textile Décor and Malik offered an alternative date for the very next week. *Id.*

31. Rather than meet and confer the next week, Fulton simply asserted that it could not wait and, on February 16, 2022, again filed multiple discovery motions, which Textile Décor and Malik opposed. *Id.*

32. It was during this time that Textile Décor and Malik related that Fulton was litigating them into submission with the multitude of motions and barrage of discovery issues, including Fulton's failure to provide the discovery requested. *Id.*

33. Thus, it should have been no surprise that Textile Décor executed the Deed of Assignment for the Benefit of Creditors and Malik filed his bankruptcy petition (indeed, Fulton has had bankruptcy counsel involved in the State Court Action from the beginning). *Id.*

34. Nonetheless, given those actions, the Court in the State Court Action declined to rule on the motions and entered the aforementioned stays. *Id.*

35. To be clear, there have not been any orders or judgments as to liability or fraud against Textile Décor or Malik in the State Court Action, nor have there been any orders or sanctions against Textile Décor or Malik as to discovery. *Id.*

36. Rather, the only merits-based decision in the State Court Action has been a dismissal of Fulton's fraud in the performance claim, and the only order compelling discovery in the State Court Action has been the Court ordering Fulton to produce documents by dates certain. *Id.*

37. As is briefly noted, the State Court Action was a highly disputed matter that had barely completed pleadings and had not resolved paper discovery disputes. *Id.*

38. Textile Décor and Malik were unable to obtain from Fulton all the discovery they had requested, as it was clear that the same would not be turned over without additional motion practice. *Id.*

39. It was also apparent to Riker Danzig that Fulton would continue to propound discovery and motions until Textile Décor and Malik could no longer continue, which is eventually what happened. *Id.*

I certify under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

/s/ Joseph M. Shapiro

Joseph M. Shapiro, Esq.

Dated: April 4, 2022

# Exhibit

# "A"



**Derrick R. Freijomil**
Partner

Direct:
t: 973.451.8580
f: 973.451.8622
dfreijomil@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

April 4, 2022

**Via E-Mail Only**

Joseph M. Shapiro, Esq.
Middlebrooks Shapiro, P.C.
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081

      Re:    <u>**Fulton Bank, N.A. v. Textile Décor USA, Inc., et al.**</u>

Dear Mr. Shapiro:

      The undersigned represents Varun Malik ("Malik") and previously represented Textile Décor USA, Inc. ("Textile Décor") in <u>Fulton Bank, N.A. v. Textile Décor USA, Inc. and Varun Malik</u>, with docket number SOM-L-265-21 (the "State Court Action"). The State Court Action is currently stayed as to Malik by virtue of his bankruptcy petition. By Order dated March 18, 2022, the undersigned was relieved as Counsel for Textile Décor due to Textile Décor's execution of a Deed of Assignment for the Benefit of Creditors, and the State Court Action was stayed for thirty days as to Textile Décor. To date, there has been no substantive determination of the merits of any allegations in the State Court Action, except for the dismissal of Plaintiff Fulton Bank, N.A.'s ("Fulton") fraud in the performance claim. The only Order compelling any discovery or finding any discovery infractions in the State Court Action was a September 28, 2021 Order compelling Fulton to produce documents by dates certain. Neither Malik nor Textile Décor have been found in violation of any discovery obligations or found to have been liable on the merits or committed any fraud, which they have denied in the State Court Action.

      Prior to the undersigned being engaged as Counsel, Fulton brought an Order to Show Cause seeking an order of Replevin as to certain collateral, which the Court granted on March 17, 2021. The undersigned substituted in as Counsel for Malik and Textile Décor thereafter and amicably conveyed possession of the collateral at issue under the Order of Replevin to Fulton.

      On April 12, 2021, Malik and Textile Décor filed an Answer and Counterclaim for discrimination under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, <u>et</u> <u>seq</u>. ("ECOA"), and its implementing regulations, Breach of the Covenant of Good Faith and Fair Dealing, and Promissory Estoppel. Notably, Malik and Textile disputed having signed the alleged November 29, 2019 Loan Modification Agreement.

Joseph M. Shapiro, Esq.
April 4, 2022
Page 2

      The matter was subsequently delayed in May 2021, as Fulton divulged an issue concerning a conflict, which resulted in the Judge presiding over the State Court Action recusing himself and the matter being reassigned to a different Judge. Paper discovery nonetheless commenced, and Textile Décor and Malik served Fulton with initial discovery, which Fulton promptly refused to answer. Instead, Fulton filed a motion seeking to dismiss Malik and Textile Décor's Counterclaim and to stay its obligations to respond to discovery on the assertion that it did not have to respond until after its motion to dismiss was decided. Malik and Textile Décor opposed and filed a cross-motion to compel Fulton to respond to discovery. While the motions were pending, Fulton provided written responses to discovery, but declined to produce any documents. On September 28, 2021, the Court denied Fulton's motion to dismiss and ordered Fulton to produce documents by dates certain.

      Fulton's written discovery responses were woefully deficient, as many simply stated that a response was not required due to its pending motion to dismiss and others failed to provide the requested information. Fulton also failed to provide all its documents by the dates ordered and failed to provide all the requested documents. Despite amending its responses, Fulton's responses remained deficient. Malik and Textile Décor identified those deficiencies and sought to meet and confer about them, which Fulton declined. Malik and Textile Décor had also responded to Fulton's discovery, which Fulton claimed was deficient. Malik and Textile Décor sought to meet and confer as to the same, but Fulton declined and instead filed motions to compel. Malik and Textile Décor opposed and filed their own motions to compel, as well.

      Fulton amended its Complaint to withdraw its replevin claim and assert a cause of action for fraud against Textile Décor and Malik, based on claims of fraud in the inducement and fraud in the performance of the contract documents. Malik and Textile Décor filed a motion seeking to dismiss the same. Eventually, with all the motions pending, the parties agreed on December 31, 2021, to withdraw their various discovery motions to meet and confer to try and resolve the discovery issues. On February 1, 2022, the Court ruled on the pending motion to dismiss and dismissed Fulton's claim of fraud in the performance, but denied without prejudice Malik and Textile Décor's motion to dismiss the fraudulent inducement. Fulton asked to meet and confer about discovery when Textile Décor and Malik were unavailable, but Textile Décor and Malik offered an alternative date for the very next week. Rather than meet and confer the next week, Fulton simply asserted that it could not wait and, on February 16, 2022, again filed multiple discovery motions, which Textile Décor and Malik opposed.

      It was during this time that Textile Décor and Malik related that Fulton was litigating them into submission with the multitude of motions and barrage of discovery issues, including Fulton's failure to provide the discovery requested. Thus, it should have been no surprise that Textile Décor executed the Deed of Assignment for the Benefit of Creditors and Malik filed his bankruptcy petition (indeed, Fulton has had bankruptcy counsel involved in the State Court Action from the beginning). Nonetheless, given those actions, the Court in the State Court Action declined to rule on the motions and entered the aforementioned stays. To be clear, there have not been any orders or judgments as to liability or fraud against Textile Décor or Malik in the State Court Action, nor have there been any orders or sanctions against Textile Décor or Malik as to discovery. Rather, the only merits-based decision in the State Court Action has been a dismissal of Fulton's fraud in the performance claim, and the only order compelling discovery in the State Court Action has been the Court ordering Fulton to produce documents by dates certain.

Joseph M. Shapiro, Esq.
April 4, 2022
Page 3

  As is briefly noted, this was a highly disputed matter that had barely completed pleadings and had not resolved paper discovery disputes.  Textile Décor and Malik were unable to obtain from Fulton all the discovery they had requested, as it was clear that the same would not be turned over without additional motion practice.  It was also apparent that Fulton would continue to propound discovery and motions until Textile Décor and Malik could no longer continue, which is eventually what happened.

Very truly yours,

*/s/ Derrick R. Freijomil*
Derrick R. Freijomil