**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey  07081
(973) 218-6877
(973) 218-6878 (fax)
Joseph M. Shapiro, Esq.
*jshapiro@middlebrooksshapiro.com*
Attorneys for Chapter 11 Debtor and
Debtor-in-Possession, Varun Malik

|  |  |
|---|---|
| In re:<br><br>**VARUN MALIK**,<br><br>Chapter 11 Debtor<br>and Debtor-in-Possession. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Honorable Christine M. Gravelle<br><br>Chapter 11<br><br>Case No.: 22-11708-CMG |

**APPLICATION IN SUPPORT OF MOTION FOR ORDER MODIFYING THE FED. R. BANKR. P. 2004 SUBPOENA ISSUED BY FULTON BANK, N.A. DIRECTED TO VARUN MALIK PURSUANT TO D.N.J. LBR 2004-1(d) AND 11 U.S.C. § 105(a); ENTERING A PROTECTIVE ORDER IN LIGHT OF PENDING PROCEEDINGS; AND GRANTING RELATED RELIEF**

**VARUN MALIK** (the "Debtor"), by and through his counsel Middlebrooks Shapiro, P.C., respectfully submits this Application in support of the Debtor's Motion for Order Modifying the Fed. R. Bankr. P. 2004 Subpoena Issued by Fulton Bank, N.A. Directed to Varun Malik Pursuant to D.N.J. LBR 2004-1(d) and 11 U.S.C. § 105(a); Entering a Protective Order in Light of Pending Proceedings; and Granting Related Relief (the "Motion"), and states as follows:

**BACKGROUND**

On October 8, 2021, Fulton Bank, N.A. filed an amended complaint (the "Amended Complaint") against the Debtor in its state court action against the Debtor and Textile Décor USA, Inc. ("Textile") entitled *Fulton Bank, N.A. v. Textile Décor USA, Inc. and Varun Malik*, Case No. SOM-L-265-21 (the "State Court Action"). *See*, a true and correct copy of the amended complaint

1

in the State Court Action is annexed to the Certification of Joseph M. Shapiro, Esq. in Support of the Motion (the "Certification") at Exhibit A.

In its Amended Complaint, Fulton Bank, N.A. asserts the following counts against the Debtor and Textile: (I) Breach of loan agreements as to Textile; (II) Breach of guaranty agreement as to the Debtor; and (III) Fraud as to Textile and the Debtor (collectively, the "State Court Claims"). *See*, *Id.*

On March 3, 2022, the Debtor commenced the above-captioned Chapter 11 case. Docket No. 1.

On April 1, 2022, Fulton Bank, N.A. emailed a subpoena under Fed. R. Bankr. P. 2004 for testimony and production to the Debtor's counsel directed to the Debtor and returnable April 20, 2022 (the "Subpoena"). *See*, Certification at Exhibit B. The Subpoena includes a rider setting forth the following documents demands:

1. Tax Returns for years: 2018, 2019, 2020 and 2021;

2. Bank Statements for years 2018, 2019, 2020, 2021 and 2022, including your bank accounts, if any, with Citibank, Habib American Bank, Amboy Bank;

3. Copies of documents relating to the sale, transfer, purchase or acquisition of your ownership or any other type of interest you may have in any real estate, stock or other type of ownership interest, including with respect to HLM Koncept LLC, 44 Denise Drive, Edison, NJ, 1 Skytop Road, Edison, NJ, 21 Maida Road, Edison, NJ, RDM Concepts Holdings, Inc., 21 Model Town, Panipat, India, Malik Fabrics Private Limited;

4. Copies of any personal financial statements provided to any persons during the years 2018, 2019, 2020, 2021 and 2022; and,

5. Copies of any loan applications loan documents or guarantees in which you were a party to during the years 2019, 2020 and 2021, including U.S. Small Business Administration, TD Bank and HSBC.

*Id.*

On April 7, 2022, this Court entered an Order granting stay relief, authorizing Fulton Bank, N.A. to recommence with its State Court Action and Claims against the Debtor and against Textile in the State Court Action and in Textile's state court assignment proceeding (the "Assignment Proceeding"). Docket No. 61.

Fulton Bank, N.A. continues to litigate its State Court Claims against both Textile and the Debtor in the pending State Court Action and in the Assignment Proceeding while litigating before this Court. *See*, a true and correct copy of correspondence docketed in the State Court Action dated April 18, 2022 annexed to the Certification at Exhibit C.

**REQUEST FOR RELIEF**

The Debtor respectfully requests that the Court modify the Subpoena in light of Fulton Bank, N.A.'s pending State Court Action and in light of Fulton Bank, N.A's active involvement with the assignee in the Adversary Proceeding, and enter a protective order protecting the Debtor from undue burden and harassment, and to prevent Fulton Bank, N.A. from taking unfair advantage of Bankruptcy Rule 2004 to further it's aims and its State Court Claims in the State Court Action and the Assignment Proceeding in violation of the pending proceeding rule.

The Debtor also respectfully requests that this Court direct Fulton Bank, N.A. to articulate and demonstrate good cause for the various documents and information it seeks under the Subpoena. The Debtor also requests that Fulton Bank, N.A. demonstrate the necessity for its expansive use of Rule 2004 subpoenas in this case in light of the stay relief granted to Fulton Bank, N.A. by the Court, providing it with unfettered ability to obtain discovery using the Rules of the New Jersey Superior Court in the State Court Action and/or in the Assignment Proceeding.

The Debtor further requests that this Court direct Fulton Bank, N.A. to refrain from use of its Rule 2004 examination to further its State Court Claims. The Debtor requests that this Court

3

restrain Fulton Bank, N.A.'s examination to a narrow scope of Bankruptcy Rule 2004, which states in pertinent part:

> **(b) Scope of examination**
>
> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code …  the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b).  The appropriate scope of Rule 2004 and the "pending proceeding rule" as explained by the Court *In re Washington Mut., Inc*. as follos:

> There are … limits to the use of Rule 2004 examinations. "It may not be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.' " … In addition to restricting the use of Rule 2004 examinations when proceedings are pending against the examinee in the bankruptcy court, **courts have also recognized that Rule 2004 examinations may be inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee."**

*In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal citations omitted) (emphasis added) (*citing*, *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D.Tex.1994), *aff'd sub nom.*, *In re Snyder*, 52 F.3d 1067 (5th Cir.1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee)).

Considering these abuses, the Debtor seeks entry of an Order modifying the Subpoena pursuant to Local Bankruptcy Rule 2004(d), which states in pertinent part:

> **(d) Quashing or modifying subpoena.**

>On motion of the examinee or a party in interest, the court may quash or modify a subpoena issued under subdivision (b). The filing of the motion prior to the date set for examination or document production stays the subpoena until the court rules on the motion.

D.N.J. LBR 2004-1(d). Fulton Bank, N.A. must demonstrated good cause for the documents and information it seeks in the Subpoena, and which actions it will take to prevent its violation of the pending proceeding rule. To that end, the Debtor also respectfully requests that this Court enter a protective order directing Fulton Bank, N.A. not use its examination of the Debtor to further its State Court Claims, and/or its aims in the State Court Action and/or the Adversary Proceeding.

The relief sought herein is also appropriate pursuant to this Court's equitable powers under Section 105(a) of the Bankruptcy Code, which states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). No previous motion for the relief sought herein has been made in connection with the Subpoena.

## **CONCLUSION**

The Debtor respectfully requests that this Court enter an Order modifying the Subpoena due to the pending proceedings in which Fulton Bank, N.A. is actively litigating and/or pursing its State Court Claims against the Debtor and Textile. There is a high likelihood of f Fulton Bank, N.A.'s misuse of Bankruptcy Rule 2004 in violation of the pending proceeding rule to circumvent discovery protections afforded the Debtor in the State Court Action and the Adversary Proceeding. The Debtor requires entry of a protective order to prevent misuse of Bankruptcy Rule 2004 in this case and to prevent prejudice to the Debtor in connection with the pending State Court Action. The Debtor also requests such other and further relief deemed just and equitable.

Respectfully submitted,

|  |  |
|---|---|
|  | **MIDDLEBROOKS SHAPIRO, P.C.**<br>841 Mountain Avenue, First Floor<br>Springfield, New Jersey   07081<br>(973) 218-6877<br>(973) 218-6878 (fax)<br>*jshapiro@middlebooksshapiro.com*<br>Attorneys for Chapter 11 Debtor and Debtor-in-Possession, Varun Malik<br><br>/s/ Joseph M. Shapiro<br>_____<br>By: Joseph M. Shapiro, Esq. |
| Dated: April 19, 2022 |  |