| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>*Caption In Compliance With D.N.J. LBR 9004-1(b)*<br><br>**DUANE MORRIS LLP**<br>Morris S. Bauer, Esq.<br>One Riverfront Plaza<br>1037 Raymond Boulevard, Suite 1800<br>Newark, NJ 07102-5429<br>Telephone: (973) 424-2037<br>E-mail: msbauer@duanemorris.com<br><br>*Counsel for Fulton Bank, N.A.* | |
| In Re:<br><br>**VARUN MALIK**,<br><br>        Debtor. | Case No. 22-11708 CMG<br><br>Judge: Hon. Christine M. Gravelle<br><br>Chapter 11<br><br>Related to Dkt. No. 80 |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF FULTON BANK, N.A., TO THE DEBTOR'S MOTION FOR ORDER QUASHING FED. R. BANKR. P. 2004 SUBPOENA ISSUED BY FULTON BANK, N.A., DIRECTED TO SWATI BHATHEJA A/K/A SWATI MALIK PURSUANT TO D.N.J. LBR 2004-1(d) AND <u>11 U.S.C. § 105(a) AND FOR RELATED RELIEF</u>**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. RELEVANT BACKGROUND ....................................................................................... 2

III. ARGUMENT .................................................................................................................... 9

    A. LEGAL STANDARDS ....................................................................................... 9

    B. THE BHATHEJA SUBPOENA HAS NO BEARING ON THE STATE COURT ACTION AND DOES NOT SEEK TO HARASS THE DEBTOR ............................................................................................................ 11

IV. CONCLUSION ............................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*In re Cambridge Analytics LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) ................................10–11

*Fulton Bank, N.A. v. Textile Décor USA, Inc.*, Case No. SOM-L-265-21 (N.J. Super. filed Feb. 23, 2021)...........................................................................................1–2

*In re Glitnir banki hf.*, No. 08-14757, 2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011) ................................................................................................................11

*In re Lev*, Nos. 05-35847, 06-2945, 2008 WL 207523 (Bankr. D.N.J. Jan. 23, 2008) ..........................................................................................................................9

*In re Millennial Lab Hldgs. II, LLC*, 562 B.R. 614 (Bankr. D. Del. 2016) ...................................10

*Owoc v. Unemployment Compensation Bd. of Review*, 809 A.2d 441 (Commw. Ct. 2002) ..........................................................................................................................5

*Sali v. Zwanger & Perisi Radiology Grp., LLP*, No. 19 CV 275, 2022 WL 1085508 (E.D.N.Y. Jan. 10, 2022) ...........................................................................11

*Snyder v. Soc'y Bank*, 181 B.R. 40 (S.D.Tex.1994), *aff'd sub nom.*, *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) ..................................................................................10

*In re Wash. Mut., Inc.*, 408 B.R. 45 (Bankr. D. Del 2005) .....................................................9–10

**Statutes**

43 Pa. Cons. Stat. 753(l)(2)(B) .......................................................................................................5

43 Pa. Cons. Stat. 802(h) ................................................................................................................5

11 U.S.C. 105(a) .........................................................................................................................1, 6

11 U.S.C. § 101 ......................................................................................................................1, 4, 9

11 U.S.C. § 341(a) ..........................................................................................................................5

11 U.S.C. § 362(d)(1) .....................................................................................................................8

11 U.S.C. § 1527 ....................................................................................................................1, 4, 9

15 U.S.C. § 91f ...............................................................................................................................4

15 U.S.C. § 1691 ............................................................................................................................4

**Other Authorities**

12 C.F.R. § 202.7 ................................................................................................................................4

FED. R. BANKR. P. 2004 ..............................................................................................*Passim*

DEL. LOCAL BANKR. R. 2004(d) ...........................................................................................11

FED. R. BANKR. P. 7026 .........................................................................................................11

FED. R. CIV. P. 26(c)(1) ..........................................................................................................11

FED. R. CIV. P. 9014(c) ..........................................................................................................11

FED. R. CIV. P. 9016 ..............................................................................................................11

DM3\8695257.2

Fulton Bank, N.A. ("Fulton Bank") submits this memorandum in support of its objection (the "Objection") to the Debtor's *Motion for Order Quashing Fed. R. Bankr. P. 2004 Subpoena Issued by Fulton Bank, N.A., Directed to Swati Bhatheja a/k/a Swati Malik Pursuant to D.N.J. LBR 2004-1(d) and 11 U.S.C. § 105(a) and for Related Relief* (the "Motion")[1] filed by Varun Malik (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"). In support of its Objection, Fulton Bank respectfully represents as follows:

## I.     PRELIMINARY STATEMENT

The Debtor again seeks to shield potential estate assets from investigation by impeding discovery on behalf of a third party—this time his purportedly estranged wife. As with Fulton Bank's prior third-party subpoenas, Ms. Bhatheja *has not objected to producing any of the requested materials*, while the Debtor asserts challenges on the basis of relevance and undue burden that he has no standing to bring. Fulton Bank's requests are modest, limited, and designed to verify the Debtor's statements about his own finances under oath, assess his eligibility for discharge, and identify estate assets for recovery in the absence of candor. It is no burden of the Debtor for Ms. Bhatheja to respond, and the value of the information to creditors and the estate significantly outweighs his cursory objections. Moreover, Fulton Bank's requests to Ms. Bhatheja do not even reference the Debtor but rather seek to understand whether his spouse could have received estate property that has otherwise vanished. The Debtor comes before this Court empty handed with no explanation for the disposition of significant assets he once owned or controlled. Fulton Bank has a vested interest in both testing material representations of a Debtor charged with fraud and locating assets to recover for a chapter 11 estate of which it is the largest creditor.

---

[1] Dkt. No. 80.

## II.     RELEVANT BACKGROUND

On February 23, 2021, Fulton Bank filed a Verified Complaint[2] against the Debtor and Textile Décor USA, Inc. ("Textile Décor") in the New Jersey Superior Court for Somerset County (the "State Court"), asserting claims for replevin and breach of contract against Textile Décor and a claim for breach of contract against the Debtor (the "State Court Action").[3] The State Court Action arises from the following agreements (collectively, together with any ancillary and related documents, and as may be amended from time to time, the "Loan Documents"):

a. Loan Agreement dated March 30, 2018 (the "Loan Agreement"[4]), granting Textile Décor a borrowing-base line of credit in the original principal about of $3 million (the "BBLOC") and a term loan in the original principal amount of $500,000 (the "Term Loan," and together with the BBLOC, the "Loan");

b. Note dated March 30, 2018, evidencing the Term Loan (the "Term Loan Note"[5]);

c. Borrowing Base Line of Credit Note dated March 30, 2018, evidencing the BBLOC (the "BBLOC Note"[6]);

d. Security Agreement dated March 30, 2018, granting Fulton Bank a lien in all personal property and assets of Textile Décor to secure its Loan obligations (the "Security Agreement"[7]);

---

[2] A true and correct copy of the Verified Complaint is available at Dkt. No. 65-3, attached as Exhibit A to the *Certification of Morris S. Bauer in Support of Motion of Fulton Bank, N.A., to Strike the Debtor's Election to Proceed as a Subchapter V Small Business Debtor* previously filed with this Court at Dkt. No. 65-2 [hereinafter First Prior Bauer Cert.]. For a summary of the facts and circumstances underlying the State Court Action, see the Certification of Saleena Miller previously filed with this Court at Dkt. No. 13-15.

[3] *Fulton Bank, N.A. v. Textile Décor USA, Inc.*, Case No. SOM-L-265-21 (N.J. Super. filed Feb. 23, 2021).

[4] A true and correct copy of the Loan Agreement is available at Dkt. No. 65-4, attached as Exhibit B to the First Prior Bauer Cert.

[5] A true and correct copy of the Term Loan Note is available at Dkt. No. 65-5, attached as Exhibit C to the First Prior Bauer Cert.

[6] A true and correct copy of the BBLOC Note is available at Dkt. No. 65-6, attached as Exhibit D to the First Prior Bauer Cert.

[7] A true and correct copy of the Security Agreement is available at Dkt. No. 65-7, attached as Exhibit E to the First Prior Bauer Cert.

DM3\8695257.2

  e. Guaranty Agreement dated March 30, 2018 (the "Guaranty"[8]) pursuant to which the Debtor unconditionally guaranteed payment and performance of all present and future obligations of Textile Décor to Fulton Bank;

  f. Mortgage dated March 30, 2018, granting the Debtor a mortgage lien in real property located at 44 Denise Dr., Edison, NJ 08820 (the "Denise Drive Property") to secure the Debtor's Guaranty obligations (the "Mortgage"[9]); and

  g. Loan Modification Agreement dated November 29, 2018, revising the BBLOC Loan be due on call rather than expire after one year (together with the Consent of Guarantor attached thereto, the "Loan Modification"[10]).

On March 12, 2021, the Debtor submitted a certification in the State Court Action (the "March 2021 Debtor Cert.") in which he averred as follows: "Due to decreased sales and the other financial issues the business was faced with, as well as the toll the stress from this situation caused on my health, in February 2021, Textile stopped operating."[11] The State Court adopted this finding in its Statement of Reasons accompanying its Order directing the issuance of a Writ of Replevin.[12]

On March 23, 2021, the State Court issued a Writ of Replevin directing the county sheriff to collect and deliver to Fulton Bank all collateral of Textile Décor described in the Security Agreement.[13]

---

[8] A true and correct copy of the Guaranty is available at Dkt. No. 65-8, attached as Exhibit F to the First Prior Bauer Cert.

[9] A true and correct copy of the Mortgage is available at Dkt. No. 65-9, attached as Exhibit G to the First Prior Bauer Cert.

[10] A true and correct copy of the Loan Modification is available at Dkt. No. 65-10, attached as Exhibit H to the First Prior Bauer Cert.

[11] See March 2021 Debtor Cert. ¶ 27. A true and correct copy of the March 2021 Debtor Cert. is available at Dkt. No. 65-11, attached as Exhibit I to the First Prior Bauer Cert.

[12] See Statement of Reasons at 12. A true and correct copy of the Statement of Reasons is available at Dkt. No. 89-12, attached as Exhibit J to the *Certification of Morris S. Bauer in Support of Motion of Fulton Bank, N.A., to Extend Time to (A) Object to the Debtor's Discharge and (B) Challenge the Dischargeability of Certain Debts* previously filed with this Court at Dkt. No. 89-2 [hereinafter Second Prior Bauer Cert.].

[13] A true and correct copy of the Writ of Replevin is available at Dkt. No. 65-12, attached as Exhibit J to the First Prior Bauer Cert.

On April 12, 2021, the Debtor and Textile Décor jointly filed an Answer and Affirmative Defenses to Complaint and Counterclaims (the "Answer")[14] in which they asserted counterclaims against Fulton Bank, alleging a violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–91f ("ECOA") or 12 C.F.R. § 202.7 ("Regulation B") and related claims for breach of the implied covenant of good faith and fair dealing and promissory estoppel (the "Counterclaims").[15]

On July 21, 2021, Fulton Bank sought leave to amend its Verified Complaint after discovering that the Debtor had falsified receivables to obtain the Loan and in post-closing borrowing-base certificates, filing the amended version on October 8, 2021, to assert a fraud claim against both defendants (the "Amended Complaint").[16] On February 1, 2022, the State Court entered an order limiting Fulton Bank's fraud claim to fraud in the inducement (the "Fraud Claim Order").[17]

On March 3, 2022, the Debtor petitioned for relief under chapter 11 of title 11 of the U.S. Code, 11 U.S.C. §§ 101–1527 (the "Bankruptcy Code").

Fulton Bank filed Claim No. 8 against the Debtor's estate in the liquidated amount of $4,026,933.42 arising from the Debtor's Guaranty obligations plus contingent, unliquidated amounts for consequential and punitive damages on account of the fraud claim.

The U.S. Small Business Administration (the "SBA") filed Claim No. 6 against the Debtor's estate for "money loaned" as a general unsecured claim in the amount of $2,026,799.65

---

[14] A true and correct copy of the Answer is available at Dkt. No. 65-13, attached as Exhibit K to the First Prior Bauer Cert.

[15] Answer ¶¶ 37–52.

[16] A true and correct copy of the Amended Complaint is available at Dkt. No. 65-15, attached as Exhibit M to the First Prior Bauer Cert.

[17] A true and correct copy of the Fraud Claim Order is available at Dkt. No. 89-3, attached as Exhibit A to the Second Prior Bauer Cert.

(the "SBA Claim").[18] Attached to the SBA Claim are loan documents showing that the debt arises from the Debtor's personal guarantee of an Economic Injury Disaster Loan ("EIDL") issued to Textile Décor as follows:

i. Note dated June 25, 2020, in the original principal amount of $150,000, and subject to no guarantee by the Debtor;

ii. 1st Modification of Note dated August 16, 2021, increasing the original principal balance to $500,000 and personally guaranteed by the Debtor pursuant to an Unconditional Guarantee (Disaster Loans) of the same date; and

iii. 2nd Modification of Note dated December 16, 2021, further increasing the original principal balance to $2 million and personally guaranteed by the Debtor pursuant to an Amended Unconditional Guarantee (Disaster Loans) of the same date.

Notwithstanding these EIDL disbursements, the Debtor previously disclosed that Textile Décor has not operated since February 2021 in the March 2021 Debtor Cert., and the State Court adopted this averment as a finding.[19] On March 31, 2022, the Debtor attended the telephonic meeting of creditors conducted pursuant to 11 U.S.C. § 341(a) (the "341 Meeting") and again testified that Textile Décor has had no income or operations since February 2021,[20] and that he had applied for unemployment[21] benefits in December 2020 and received them in mid-2021.[22]

---

[18] The SBA also filed Claim No. 7 in the secured amount of $108,731.81, arising from an EIDL issued to Vinta Supply Co. Inc. and guaranteed by Victor Soto, but this claim appears to be asserted against the Debtor's estate in error.

[19] *See* March 2021 Debtor Cert. ¶ 27; Statement of Reasons at 12.

[20] Audio Recording of 341 Meeting, 28:15–29:53.

[21] Given that "[u]nemployment compensation benefits are not available to entrepreneurs who have closed their doors, nor, to the established business person who suddenly finds that the family's pride in their corner deli was not enough to keep the store open," it is unclear how the Debtor was eligible for these benefits. *Owoc v. Unemployment Compensation Bd. of Review*, 809 A.2d 441, 443 (Commw. Ct. 2002); *see also* 43 PA. CONS. STAT. 753(l)(2)(B); 43 PA. CONS. STAT. 802(h).

[22] Audio Recording of 341 Meeting, 39:50–40:43.

5

On April 7, 2022, Fulton Bank served a *Subpoena for Rule 2004 Examination* (together with the Rider attached thereto, the "Bhatheja Subpoena")[23] on Ms. Bhatheja, scheduling an in-person examination for April 26, 2022, at 10:00 a.m. and requesting production of the following materials:

1    Bank Statements for all bank accounts that you are an authorized signatory for years 2017, 2018, 2019, 2020, 2021 and 2022;

2    Copies of all of your W-2 statements or 1099 statements for years 2017, 2018, 2019, 2020, 2021 and 2022;

3    Copies of documents relating to your ownership of and the sale, transfer, purchase or acquisition of property located at 44 Denise Drive, Edison, NJ, 1 Skytop Road, Edison, NJ, and 21 Maida Road, Edison, NJ;

4    Copies of any of your personal financial statements provided to any persons during the years 2017, 2018, 2019, 2020, 2021 and 2022; and

5    Copies of any loan applications and loan documents or guarantees in which you were a party to during the years 2017, 2018, 2019, 2020 and 2021.[24]

Each of these requests are directly relevant to the identification of estate assets, the Debtor's eligibility for discharge in whole or in part, and the Debtor's ability to fund a confirmable plan.

On March 28, 2022, the Debtor filed a *Change of Address* notice showing that he formerly resided at the Denise Drive Property but now resides at 21 Maida Road, Edison, NJ (the "Maida Road Property").[25] At the 341 Meeting, the Debtor testified that the Maida Road Property belongs

---

[23] A true and correct copy of the Bhatheja Subpoena is available at Dkt. No. 80-2, attached as Exhibit A to the *Certification of Joseph M. Shapiro, Esq., in Sup[p]ort of Motion for Order Quashing Fed. R. Bankr. P. 2004 Subpoenas Issued by Fulton Bank, N.A., Directed to Swati Bhatheja a/k/a Swati Malik Pursuant to D.N.J. LBR 2004-1(d) and 11 U.S.C. § 105(a) and for Related Relief* [hereinafter Shapiro Cert.].

[24] *See* Bhatheja Subpoena at Rider.

[25] Dkt. No. 26.

to his father, Harbans Lal Malik.[26] On March 29, 2022, the Debtor filed a certification with this Court (the "March 2022 Debtor Cert.") in which he averred that he operates the Denise Drive Property as a rental property, attaching a Lease Agreement dated March 14, 2022, among the Debtor as landlord and Gautham Gorla and Greeshma Rajakumara-Reddy as tenants that commences a month-to-month tenancy at the Denise Drive Property effective March 15, 2022 (the "Lease Agreement").[27]

The Debtor attended the 341 Meeting while driving in his car, did not have his petition or schedules in front of him, and frequently struggled with answering basic questions. He testified that he and Ms. Bhatheja have been separated for over a year, and that he does not make domestic support payments but sometimes contributes $200–350 in a month to pay for classes for their two children.[28] The Debtor also testified that Ms. Bhatheja owns 1 Skytop Road, Edison, NJ (the "Skytop Road Property") and lives there with the children.[29] Although they live apart, the Debtor testified that he and Ms. Bhatheja have no separation agreement and that neither has retained a divorce attorney.[30] He further testified that he has never had an interest in the Skytop Road Property, that Ms. Bhatheja has never had an interest in the Denise Drive Property, and that they have never held joint bank accounts.[31] When the U.S. Trustee asked where Ms. Bhatheja obtained the money to purchase the Skytop Road Property, the Debtor said that "she had her own money"

---

[26] Audio Recording of 341 Meeting, 15:04–15:47.

[27] *See* March 2022 Debtor Cert., Dkt. No. 36 at ¶¶ 34, 39; *id.* at Exhibit H, Lease Agreement, Dkt. No. 36-8 at 147–52.

[28] Audio Recording of 341 Meeting, 13:56–15:00.

[29] *Id.* 10:01–12:03.

[30] *Id.* 53:36–54:42.

[31] *Id.* 1:09:18–1:10:30.

7

from working as a "senior executive" at a company called HN International Group Inc. ("HN International"), a textile business owned by his brother, Nagesh Malik.[32] He later clarified that Ms. Bhatheja had not worked at HN International for "a couple of years," and when he was asked whether Ms. Bhatheja had worked for Textile Décor, he repeated, "I'll have to check and get back to you."[33]

The U.S. Trustee ultimately continued the 341 Meeting, in part because the Debtor had made a subchapter V election and filed his schedules just three days prior, but a new date for the continued 341 Meeting has not yet been scheduled.[34]

On April 7, 2022, the Court entered an order granting Fulton Bank relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1) "to proceed with the State Court Action against the Debtor and pursue any and all other claims against the Debtor to the fullest extent without limitation, including any appeals relating to the State Court Action" and clarifying that the stay does not extend to Textile Décor.[35]

Since the entry of this order, the Debtor's counsel in the State Court Action—Riker, Danzig, Scherer, Hyland & Perretti LLP ("Riker Danzig")—filed replies to Fulton Bank's pending discovery motions, an Answer and Affirmative Defenses to the Amended Complaint solely on behalf of the Debtor with no counterclaims,[36] and a motion to be released as counsel and for a stay

---

[32] *Id.* 10:46–12:19.

[33] *Id.* 54:45–56:42.

[34] *Id.* 1:18:18–1:21:06.

[35] Dkt. No. 61.

[36] *See* Answer and Affirmative Defenses to Amended Complaint. A true and correct copy of the Answer and Affirmative Defenses to Amended Complaint is available at Dkt. No. 89-13, attached as Exhibit K to the Second Prior Bauer Cert.

8

by the State Court because the "Bankruptcy Trustee," as Riker Danzig states, and this Court have not approved its retention.[37]

### III. ARGUMENT

**A. LEGAL STANDARDS**

Rule 2004(b) of the Federal Rules of Bankruptcy Procedure (the "Rules") provides that an examination thereunder "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In a chapter 11 case, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan."[38]

This Court has "recognize[d] that Rule 2004 examinations are broad, unfettered and in the nature of fishing expeditions."[39] Indeed, "[l]egitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred."[40]

The Debtor primarily relies on the "pending proceeding rule" in support of his Motion, under which some "courts have also recognized that Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside

---

[37] *See* Letter Brief in Support of Motion to Relieve Counsel and for a Stay at 1–2. A true and correct copy of the Letter Brief in Support of Motion to Relieve Counsel and for a Stay is available at Dkt. No. 89-4, attached as Exhibit B to the Second Prior Bauer Cert.

[38] FED. R. BANKR. P. 2004(b).

[39] *In re Lev*, Nos. 05–35847, 06–2945, 2008 WL 207523, at *3 (Bankr. D.N.J. Jan. 23, 2008). A true and correct copy of this opinion is available at Dkt. No. 89-6, attached as Exhibit D to the Second Prior Bauer Cert.

[40] *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del 2005) (internal quotation marks and citation omitted).

of the bankruptcy court against the proposed Rule 2004 examinee."[41] As one court has explained, "[w]here a party requests a Rule 2004 examination and an adversary proceeding or other litigation in another forum is pending between the parties, the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding."[42] Courts focus this inquiry on whether the "primary motive" of the 2004 examination is to obtain information "to use in litigation for another cause of action."[43] In other words, "the possible use of information obtained through a Rule 2004 examination in collateral litigation pending in a different forum is not sufficient reason to deny an examination if it is not sought for the purpose of circumventing the federal rules of civil or bankruptcy procedure."[44]

Fulton Bank notes that there is no Third Circuit opinion requiring the Court to apply the pending proceeding rule. To the extent the Court chooses to do so, parties with legitimate claims asserted in prepetition litigation are not precluded from pursuing Rule 2004 examinations "to further their interests as creditors of the Debtor."[45] For example, parties who "have been regular and meaningful participants in this case since pretty much its inception" and who have "taken positions on matters central to the bankruptcy case and the estate" may validly seek 2004

---

[41] *Id.* (internal quotation marks and citation omitted).

[42] *Id.* at 51.

[43] *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D.Tex.1994), *aff'd sub nom.*, *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995).

[44] *In re Millennial Lab Hldgs. II, LLC*, 562 B.R. 614, 629 (Bankr. D. Del. 2016).

[45] *In re Cambridge Analytics LLC*, 600 B.R. 750, 753 (Bankr. S.D.N.Y. 2019).

10

examinations on "matters that are relevant to their status as creditors," particularly in furtherance of "examining potential claims that might exist for the . . . estate."[46]

Local Rule 2004(d) authorizes the Court to quash or modify Rule 2004 subpoenas but does not indicate the applicable standard. Standing to modify or quash third-party subpoenas is restricted to parties "seeking to protect a personal privilege or right."[47] Courts "consider whether the information itself is private, confidential, privileged, or highly sensitive" in making the determination, and "the claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served."[48] If a privacy right exists, courts "weigh the relevance or probative value of the documents being sought against the privacy interests."[49] However, "a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevance or undue burden."[50]

### B. THE BHATHEJA SUBPOENA HAS NO BEARING ON THE STATE COURT ACTION AND DOES NOT SEEK TO HARASS THE DEBTOR

Fulton Bank directed Ms. Bhatheja to provide (a) personal bank statements, (b) Form W-2 or Form 1099 statements, (c) personal financial statements, and (d) loan applications, loan documents, or guarantees to which she was a party, each limited to those within the previous five

---

[46] *Id.*

[47] *Sali v. Zwanger & Perisi Radiology Grp., LLP*, No. 19 CV 275, 2022 WL 1085508, at *17 (E.D.N.Y. Jan. 10, 2022) (internal quotation marks and citation omitted); *see also* FED. R. CIV. P. 45(d)(3)(A)(iii) (applied in bankruptcy proceedings by FED. R. CIV. P. 9016); FED. R. CIV. P. 26(c)(1) (applied in adversary proceedings by FED. R. BANKR. P. 7026 (applied in contested matters by FED. R. CIV. P. 9014(c))). A true and correct copy of *Sali* is available at Dkt. No. 89-9, attached as Exhibit G to the Second Prior Bauer Cert.

[48] *Sali*, 2022 WL 1085508, at *17–18 (internal quotation marks and citation omitted).

[49] *Id.* at *16.

[50] *Id.* at *19; *see also In re Glitnir banki hf.*, No. 08–14757, 2011 WL 3652764, at *5 (Bankr. S.D.N.Y. Aug. 19, 2011) (holding that third-party subpoenas "do not subject Movants to an undue burden because they do not require the Movant to do anything").. A true and correct copy of this opinion is available at Dkt. No. 89-10, attached as Exhibit H to the Second Prior Bauer Cert.

years. It also requested any documents reflecting Ms. Bhatheja's ownership interest in, or the sale or acquisition of, the Skytop Road Property, Denise Drive Property, or Maida Road Property. Three of the five requests do not involve the Debtor, who cannot have a right of privilege or privacy in Ms. Bhatheja's personal financial records, particularly given his testimony that the couple has never shared joint accounts. The request to identify loan applications and guaranties likewise does not involve the Debtor unless he is a co-obligor, in which case he should have disclosed this information himself. The remaining request simply seeks to confirm whether Ms. Bhatheja has received or transferred any avoidable interest in the three subject real properties. She has not objected to the subpoena, and the Debtor cannot assert arguments of undue burden or relevance on its behalf.

Married couples do not always intermingle their finances, but the Debtor's testimony revealed that Ms. Bhatheja was able to acquire the Skytop Road Property by working for his brother's company, HN International, and he was unable to answer whether Ms. Bhatheja had worked for his own company, Textile Décor—a business that he solely owned and operated as recently as February 2021. Additionally, the Debtor's testimony revealed that although Ms. Bhatheja no longer works for HN International, she needs no assistance raising their two children other than irregular token educational contributions. These factors give rise to reasonable questions about the sources of Ms. Bhatheja's assets, which could provide a source of recovery for the estate. Given that the Debtor remains legally married to Ms. Bhatheja and only separated a year ago, her borrowing activity could also reveal hidden liabilities or additional loan proceeds to pursue.

Fulton Bank has a legitimate bankruptcy interest in investigating the financial relationship between the Debtor and his purportedly estranged wife. Their physical separation does not render

12

her finances a black box for the purposes of the Bankruptcy Case, and the Debtor's unsatisfactory answers at the 341 Meeting reinforce the need for independent verification of his representations. The Bhatheja Subpoena merely seeks to reveal potential assets of the estate that otherwise would remain concealed on the Debtor's word alone.

### IV.  CONCLUSION

For the foregoing reasons, Fulton Bank respectfully asks the Court to deny the Debtor's Motion.

Respectfully Submitted,

**DUANE MORRIS LLP**
Attorneys for Fulton Bank, N.A.

By: */s/ Morris S. Bauer*
Morris S. Bauer, Esq.

Dated: May 10, 2022

13

DM3\8695257.2