# Middlebrooks Shapiro, P.C.
### attorneys at law
### 841 Mountain Avenue, First Floor
### Springfield, New Jersey 07081
telephone (973) 218-6877
telecopier (973) 218-6878
email: middlebrooks@middlebrooksshapiro.com

Melinda D. Middlebrooks, Esq.*
Joseph M. Shapiro, Esq.°
Richard P. Shapiro, Esq. (1942-2002)
~
Jessica M. Minneci, Esq.
Angela Nascondiglio Stein, Esq.°

Of Counsel
Myron S. Lehman, Esq. (1928-2007)

*Also admitted in Tennessee
°Also admitted in New York

August 19, 2022

Honorable Christine M. Gravelle
U.S. Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

    Re:    Case No.: 22-11708-CMG, *In re: Varun Malik*
             <u>Objection to Motion of Fulton Bank, N.A. to Convert Debtor's Case (#116)</u>

Dear Judge Gravelle:

    As Your Honor is aware, this Firm is withdrawing counsel to the above-captioned Chapter 11 debtor and debtor-in-possession Varun Malik (the "<u>Debtor</u>").  Kindly accept this correspondence in lieu of a more formal objection (the "<u>Objection</u>") to the July 5, 2022 motion of Fulton Bank, N.A. ("<u>Fulton</u>") to convert the above-captioned case (the "<u>Case</u>") from Chapter 11 to Chapter 7 (Docket No. 116) (the "<u>Motion</u>"). As the Court is aware, Fulton extended the Debtor's time to respond to the Motion to August 19, 2022 and, therefore, this Objection is timely.

    For the reasons set forth, below, the undersigned respectfully requests that Your Honor adjourn the Motion to allow the Debtor's Substitute Counsel and Proposed Special Counsel to take over this case, and/or adjourn the Motion beyond next Tuesday's hearing on this Firm's pending motion to withdraw.  Further, and to the extent Your Honor proceeds with a hearing on the Motion next Tuesday, the Debtor, by and through this Firm, request that the Motion be denied based upon the objections set forth herein.

    <u>Debtor's Substitute Counsel and Proposed Special Counsel</u>

    Today, the undersigned was advised by Bruce Levitt, Esq. that Levitt & Slafkes, P.C. (the "<u>Substitute Counsel</u>") has been retained by and is now the Debtor's substitute counsel in the Case. The undersigned has provided the Substitute Counsel with a *Notice of Substitution of Attorney* and is awaiting the Substitute Counsel's execution of the same for filing with the Court.  It is anticipated that Substitute Counsel will formally substitute into the Case today. Substitute Counsel requires time to get up to speed on the Case.  As a result of the pending substitution of counsel, the Debtor has been non-responsive to this Firm, and has stopped communicating with this Firm about all matters

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
August 19, 2022
Page 2

about the Case, and the Motion. The Debtor now appears to be solely in communication with his Substitute Counsel and his proposed special counsel at Fox Rothschild, LLP (the "Proposed Special Counsel").

### Pending Settlement Between the Debtor and Fulton

As the Court is aware, the Debtor and Fulton have been in settlement discussions for many weeks, resulting in adjournments of the Motion to permit the Debtor and Fulton to finalize their pending settlement (the "Pending Settlement"). Settlement would prevent the need for the Court's consideration of the Motion. In light of introduction into the Case of Substitute Counsel and the Proposed Special Counsel, and in light of the Debtor's lack of communication with this Firm regarding the Motion and the Pending Settlement, there is good cause to adjourn the Motion to permit the Debtor and his Substitute Counsel to finalize the Pending Settlement with Fulton.

### Pending Request for Consent for Adjournment

In light of the substitution of Substitute Counsel into the Case, and in light of the Debtor's lack of communication with the undersigned about the Motion, the undersigned sent a request today to Fulton's counsel requesting consent to request an adjournment of the hearing on the Motion. The undersigned has not yet received a response from Fulton's counsel to that request for consent to adjourn the Motion. However, the undersigned respectfully submits that the Debtor, through Substitute Counsel, should have the benefit of an adjournment

### Objection

The Debtor, through this Firm, objects to conversion of the Case to Chapter 7. More than two (2) months have passed since Fulton filed the Motion, and significant progress has been made in the Case over that time. Many of the issues and arguments raised in the Motion have changed and/or have been resolved or addressed by the Debtor.

First, as this Court is aware, since July 5, 2022, the Debtor and Fulton have made significant progress towards settlement of their issues, which settlement would result in a resolution of Fulton's pending state court action against the Debtor. There is no cause under Section 1112(b)(4)(A) for conversion of the Case to Chapter 7, as there has been significant progress towards a resolution of issues directly impacting the Debtor's reorganization. The main terms of this settlement were reached after the Debtor appeared for Fulton's continued Rule 2004 examination in person in Newark, NJ (the "Rule 2004 Exam"), and the parties took the opportunity after the Rule 2004 Exam to hammer out settlement terms. The Pending Settlement would moot the Motion, and it is respectfully requested that the Motion be adjourned to permit finalization of that Settlement.

Second, there is not sufficient cause under Section 1112(b)(4)(G) for conversion of the Case on the basis of the Rule 2004 Exam. The Debtor appeared for and completed the Rule 2004 Exam,

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*

**Middlebrooks Shapiro, P.C.**
August 19, 2022
Page 3

and continues to comply with Fulton's requests for discovery under Fed. R. Bankr. P. 2004. The Debtor's compliance with Fulton's Rule 2004 subpoenas resulted in the Pending Settlement.

      Third, in light of the Debtor's Substitute Counsel and Proposed Special Counsel, there is not sufficient cause under Section 1112(b)(4)(F) for conversion of the Case. The Debtor has more than adequate representation by his professionals, and to the extent there are any outstanding filing or reporting requirements, the Debtor and his professionals should address the same in a timely manner. As this Court is aware, this Case has been very litigious, and any outstanding filing or reporting requirements are a result of the limitations placed upon the Debtor by that litigation. With the assistance of Substitute Counsel and Proposed Special Counsel, the Debtor should have the assistance necessary, to the extent sought in this case in light of the Pending Settlement, to pursue a plan of reorganization.

      Based upon the foregoing, the Debtor, by and through this Firm, respectfully request that Your Honor adjourn the Motion to allow Substitute Counsel to step into this Case and counsel the Debtor on the Motion and the Pending Settlement. To the extent Your Honor does not adjourn the Motion, the Debtor, by and through this Firm, respectfully requests that Your Honor deny the Motion. Fulton's counsel, Substitute Counsel, Proposed Special Counsel, the Debtor, and the Office of the US Trustee are copied on this Objection.

      Should Your Honor have any questions, please don't hesitate to contact the undersigned.

      Respectfully submitted,

      /s/ Joseph M. Shapiro

      Joseph M. Shapiro, Esq.

*We are a debt relief agency.*
*We help people file for bankruptcy relief under the Bankruptcy Code.*