NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

MORRIS S. BAUER
DIRECT DIAL: +1 973 424 2037
PERSONAL FAX: +1 973 556 1380
*E-MAIL:* MSBauer@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

August 22, 2022

**VIA ECF AND EMAIL**

Honorable Christine M. Gravelle
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ  08608

      **Re:**    **In re: Varun Malik**
              **Case No. 22-11708**
              **Objection to Debtor's Request to Adjourn Fulton Bank's Conversion Motion**

Dear Judge Gravelle:

      As Your Honor is aware, this firm represents Fulton Bank, N.A. ("Fulton Bank") in the above-referenced matter (the "Bankruptcy Case"). Kindly accept this letter as Fulton Bank's objection to the Debtor's request to adjourn the Conversion Motion, as defined below.

      On July 5, 2022, approximately two months ago, Fulton Bank filed a motion to convert the Bankruptcy Case from a chapter 11 to a chapter 7 proceeding [Dkt. No. 116] (the "Conversion Motion"). The Conversion Motion was originally scheduled for hearing on July 26, 2022, which the Court adjourned to August 9, 2022.

      At the time of its filing, the Conversion Motion was premised on, *inter alia*, (i) the Debtor's failure to adhere to the basic bankruptcy rule requirements throughout the Bankruptcy Case, including not obtaining approval of his leasing non-residential real property and not filing retention pleadings for counsel in the State Court Action (as defined in the Conversion Motion); (ii) the massive bank fraud committed by the Debtor and his solely owned corporation, Textile Décor USA, Inc. ("Textile Décor") on Fulton Bank in obtaining loans aggregating in the principal amount of $3,500,000; (iii) the massive fraud committed by the Debtor through Textile Décor in obtaining an Economic Disaster Injury Loans from the U.S. Small Business Administration (the "SBA") in the amount of $1,850,000 under the false representation that Textile Décor was still operating; and (iv) the inability to confirm a plan of reorganization.

DuaneMorris

Honorable Christine M. Gravelle
August 22, 2022
Page 2

     During the course of the Bankruptcy Case, Fulton Bank has been met with significant resistance from the Debtor in obtaining information that would benefit all creditors, including (i) confirmation from Glenwood Office Furniture II that the Debtor is employed and generating income; (ii) a Rule 2004 exam and document requests from his wife (purportedly estranged) to determine transfers of assets to her and possible interests in property titled in her name; and (iii) bank account information from the Debtor to determine transfers and possible recoveries from the transferees. All of Fulton Bank's efforts in this regard have been met with the filing of motions to quash and objections, finally requiring a motion to enforce Court orders.[1]

     Upon receipt of the SBA amended proof of claim, Fulton Bank noticed that the questionable funds obtained from the SBA were deposited in a bank account with PNC Bank, N.A. ("PNC"). On June 2, 2022, Fulton Bank, on notice to the Debtor, served a Rule 2004 subpoena on PNC to obtain bank statements and related deposit and disbursement information. On or about July 11, 2022, Fulton Bank received documents from PNC. PNC produced bank statements for six personal accounts and wire transfer requests that reflected an additional bank account at Union Bank of India, which has no privy to the United States. Surprising to Fulton Bank, all of the accounts were in the name of the Debtor. The account information reflected transfers and withdrawals of in excess of $1,500,000 within weeks of the commencement of the Debtor's Bankruptcy Case. None of this information was disclosed.

     On July 27, 2022, Fulton Bank's counsel conducted a continued Rule 2004 exam of the Debtor, at which the Debtor and his counsel learned for the first time that Fulton Bank had become aware of the undisclosed bank accounts and transfers to India. At the conclusion of the Rule 2004 exam, the Debtor decided to engage in settlement discussions with Fulton Bank, which resulted in the agreement of salient terms subject to memorializing the settlement. On July 29, 2022, Debtor's counsel moved to be relieved [Dkt. No. 127], presumably based on the Debtor's failure to disclose the PNC and Union Bank of India bank accounts and transfers. Notwithstanding the motion to be relieved, Debtor's counsel appeared to be willing to negotiate a settlement agreement. A draft settlement agreement was prepared and the parties were negotiating same. Fulton Bank agreed to adjourn the Conversion Motion to August 16, 2022, and then, at the Debtor's request, again to August 23, 2022, under the Fulton Bank's proviso that the settlement agreement would be completed, or Fulton Bank would otherwise move forward with the Conversion Motion. Fulton Bank's counsel continually made inquiry of Debtor's counsel as to the status of comments and finalizing the agreement with no response. Instead, Debtor's counsel began requesting copies of the PNC production, even though Debtor's counsel already received certain of the items at the Rule 2004 examination and his client could easily obtain same from PNC. Fulton Bank responded

---

[1] In the State Court Action, which was commenced in February 2021, Fulton Bank has been met with similar resistance to production of documents from Textile Décor, including requests for substantially all of Textile Décor's financial information that would further support Fulton Bank's fraud allegations alleged in its amended complaint.

DuaneMorris

Honorable Christine M. Gravelle
August 22, 2022
Page 3

with requests for the Union Bank of India bank statements, which Debtor's counsel provided no response.

On Wednesday, August 17, 2022, the undersigned and Mark Hall of Fox Rothschild LLC (the "Fox Firm") exchanged emails and spoke regarding the Fox Firm retention application filed on August 13, 2022 [Dkt. No. 133] and the Fulton Bank conflict outlined in our separate objection to the Fox Firm's retention application. In that conversation and not withstanding Mr. Hall's statement that his firm was retained solely to address SBA issues and not Fulton Bank issues, Mr. Hall requested an adjournment of the Conversion Motion. The undersigned responded by saying that the settlement needs to be finalized, a motion filed to approve the same, and that the Debtor can then seek dismissal of the Bankruptcy Case as previously discussed and agreed to by Debtor's counsel. The undersigned suggested that all other matters, including the Fox Firm's retention, should be held in abeyance until this settlement is concluded and the case dismissed. Mr. Hall stated that a new firm would be engaged by the Debtor to handle the Bankruptcy Case and the new firm would need the adjournment. Mr. Hall did not indicate that the Debtor would be proceeding with the Fulton Bank settlement.

On Friday, August 19, 2022, the undersigned received a telephone call from Bruce Levitt. Esq. Mr. Levitt advised that he was in the process of being retained by the Debtor but was not yet retained. He inquired as to an adjournment of the Conversion Motion, to which the undersigned advised that Fulton Bank probably would not be inclined to provide consent. Mr. Levitt did not indicate that the Debtor would be proceeding with the Fulton Bank settlement.

In both the State Court Action and the Bankruptcy Case, the Debtor has had a history of delay, failure to produce documents, evasiveness, and failure to follow the applicable rules. In the State Court Action, Textile Décor filed an assignment case and then the Debtor commenced the within Bankruptcy Case, the latter on the eve of the Debtor having been directed to appear at a deposition. Debtor's counsel, the Riker firm filed a motion to relieved, which initially was denied and then on reconsideration granted with a proviso that same would not be effective until the Debtor's deposition has been concluded. All of these antics have necessarily caused delay and added expense. Again, under the assumption that there is a settlement, Fulton Bank is facing the Debtor once more directing his counsel to file a motion to be relieved, this time with new counsel requesting adjournments. There was no mention of the Debtor's willingness to proceed with the settlement with respect to these developments.

Fulton Bank can only assume that the Debtor is either not proceeding with the settlement, will be using new counsel to re-trade what was previously negotiated, or will be instructed by the Fox Firm to delay the settlement while the SBA issues are addressed, all of which will cause even more delay and expense for Fulton Bank.

Based on the above, Fulton Bank is not prepared to consent to an adjournment of the Conversion Motion and objects to the requests for the adjournment by Debtor's old and new counsel. Debtor's counsel has had several weeks to complete the settlement and over two months

DuaneMorris

Honorable Christine M. Gravelle
August 22, 2022
Page 4

to address the underlying facts set forth in the Conversion Motion and over a month to address the PNC and Union Bank of India bank account issues. The Debtor has committed fraud on Fulton Bank in obtaining loans from Fulton Bank, the SBA in obtaining loans from the SBA, and now bankruptcy fraud in failing to disclose in his sworn submissions in the Bankruptcy Case the numerous personal bank accounts referenced above and the transfers of over one million dollars out of the country.

                                                                                    Respectfully,

                                                                                    */s/ Morris S. Bauer*

                                                                                    Morris S. Bauer

MSB:tjs

cc:  All Counsel (via ECF)