| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Mark Hall, Esq.<br>Marissa Koblitz Kingman, Esq.<br>mhall@foxrothschild.com<br>mkingman@foxrothschild.com<br>Telephone: (973) 992-4800<br>Facsimile: (973) 992-9125<br><br>*Proposed Special Counsel to the Debtor*<br>*And Debtor in Possession* |

| | |
|---|---|
| In re:<br><br>VARUN MALIK,<br><br>            Debtor. | Chapter 11<br><br>Case No. 22-11708-CMG<br><br>Judge: Hon. Christine M. Gravelle |

**REPLY IN FURTHER SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOX ROTHSCHILD LLP AS SPECIAL COUNSEL TO THE DEBTOR <u>NUNC PRO TUNC TO JULY 29, 2022</u>**

Varun Malik, as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), hereby files this reply (the "<u>Reply</u>") in further support of *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Fox Rothschild LLP as Special Counsel to the Debtor Nunc Pro Tunc to July 29, 2022* [D.I. 133] (the "<u>Application</u>")[1] and in response to the *Objection of Fulton Bank, N.A., to the Debtor's Application for Entry of an Order*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application or other related documents.

*Authorizing the Employment and Retention of Fox Rothschild LLP as Special Counsel to the Debtor Nunc Pro Tunc to July 29, 2022* [D.I. 147] (the "Objection"). In support of this Reply, the Debtor states as follows:

## PRELIMINARY STATEMENT

1. As set forth in the Application and the *Supplemental Declaration of Marissa Koblitz Kingman, Esq. in Support of Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Fox Rothschild LLP as Special Counsel to the Debtor Nunc Pro Tunc to July 29, 2022* [D.I. 139] (the "Supplemental Declaration"), the Debtor's proposed retention of Fox Rothschild LLP ("Fox") is for a very limited purpose. Specifically, the Debtor's engagement of Fox is for the sole purpose of representing him with respect to any False Claims Act claims by the Small Business Administration ("SBA") and any potential criminal exposure in connection with the Debtor's government loans. *See e.g.* Application, at ¶13(a)-(e), and Supplemental Declaration, at ¶¶ 3-4.

2. The Objection primarily serves as a vehicle to attack the Debtor generally and fails to properly recognize the Debtor's proposed limited engagement of Fox. The Debtor retained Fox on July 29, 2022, only two days after the Rule 2004 deposition conducted by Fulton Bank ("Fulton") wherein facts came to light for the first time that the Debtor was in need of counsel specializing in reviewing any potential criminal exposure in connection with the Debtor's government loans. The Debtor is not seeking to retain Fox in the State Court Action (nor in any civil action) or in any capacity adverse to Fulton. As detailed below, the Debtor can retain Fox for the limited purpose proposed in the Application pursuant to either sections 327(e) or 327(a) of the Bankruptcy Code and, therefore, the Objection should be overruled.

## REPLY

A.  **The Debtor's proposed engagement of Fox is Narrow and Specialized and Therefore, Appropriate for Retention Under Section 327(e) of the Bankruptcy Code.**

3. Consideration of the Debtor's dealings with the SBA requires expertise from special counsel because of potential allegations he may face regarding False Claims Act claims and potential criminal exposure associated with the SBA COVID-19 related programs. Importantly, the services provided by Fox will <u>only</u> be in relation to potential criminal accusations and False Claims Act claims as it relates to the government COVID-19 related programs. *See* Supplemental Declaration, at ¶¶ 3-4.

4. The purpose of section 327(e) of the Bankruptcy Code is to "permit the retention of special counsel to represent the debtor in significant litigation even though such counsel might not be 'disinterested.'" *In re Metropolitan Hosp.*, 119 B.R. 910, 918 (Bankr. E.D. Pa. 1990). This representation is limited to a "specified special purpose" that may yield significant impact on the estate. *In re Congoleum Corp.*, 426 F. 3d 675, 692 (3d. Cir. 2005) (explaining that appointment of special counsel under § 327 must not be expansive); *see In re Metropolitan Hosp.*, 119 B.R. at 918 ("327(e) involves court approval for the appointment of counsel that will be involved in litigation that may yield a significant judgment for or against the estate.").

5. While Fox's representation of the Debtor is very narrow, the issues for which the firm has been retained has the potential to yield significant impact on the Debtor, making section 327(e) an appropriate vehicle for the Debtor to retain Fox. Fox's representation of the Debtor regarding potential fraudulent and/or criminal accusations by the SBA may have a direct impact on the composition of the estate and the Debtor's ability to proceed in chapter 11.

6. Importantly, because of the nature of the accusations, the Debtor has a constitutional right under the Sixth Amendment to retain counsel of his choosing. *See United States v. Fisher*, 273 F. Supp.3d 354, 361 (W.D.N.Y. 2017) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("The Sixth Amendment right to counsel includes, as a general matter, 'the right to select and be represented by one's preferred attorney.'"). The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right to have the assistance of counsel for his defense." A defendant's right to counsel is similarly guaranteed by Article I, paragraph 10 of the New Jersey Constitution. The purpose of this fundamental constitutional right, the New Jersey Supreme Court has held, is, in part "to ensure the integrity of the judicial process." *State v. Sanchez*, 129 N.J. 261, 265 (1992). The sound policy behind the right to counsel is stifled when a party is permitted to disrupt the attorney-client relationship.

7. Further, as set forth in the Application and Supplemental Declaration, the Debtor will <u>not</u> be expending estate resources to pay for Fox's engagement. *See* Application, at ¶ 21; *Supplemental Declaration*, at ¶ 5. Therefore, Fox's retention cannot be denied on the basis that estate resources are being depleted by such engagement. The facts herein stands in stark contrast to the cases cited in the Objection where the debtor's retention of criminal defense counsel pursuant to section 327(e) was denied on the basis that those debtors sought to use estate funds to pay for the services provided. *See In re Kearney*, 609 B.R. 383, 389-90 (Bankr. D. N.M. 2019) (denying retention under section 327(e), in part, because the debtor proposed to pay his special criminal defense counsel with estate funds); *see also Official Committee of Disputed Litigation Creditors v. McDonald Investments, Inc.*, 42 B.R. 981 (N.D. Tex. 1984) ("Debtor had no Sixth Amendment right to utilize funds of estate on criminal defense to securities fraud charges since eligibility for appointed counsel probably would be determined with unavailability of assets of

estate being taken into consideration."); *see also In re Dixon*, 143 B.R. 671, 679 (Bankr. N.D. Tex. 1992), *subsequently aff'd*, 85 F. 3d 626 (5th Cir. 1996) (explaining that the Sixth Amendment guarantees the criminal defendant right to adequate representation, not the right to an attorney whom the defendant cannot afford).

8. The Objection asserts that the Debtor cannot utilize section 327(e) because Fox was not retained prepetition. Such bright-line test, however, does not exist and there is no controlling case law on this issue. In fact, there is a split of authority as recognized by the leading bankruptcy treatise: "a case law split exists as to whether an attorney must have previously represented the debtor before being employed under § 327(e)." *In re Buffalo Coal Co.*, 2008 WL 1925152, at *3 (Bankr. N.D. W. Va. Apr. 30, 2008) (citing *Collier on Bankruptcy* ¶ 327.04[9][b] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2008) ("Courts are split with regard to whether section 327(e) is limited to situations in which the attorneys previously represented the debtor … some courts … have permitted retention of counsel under section 327(e) where such counsel had not been retained by the debtor previously."); *see also In re Kridlow*, 1999 WL 97939, at *2 (Bankr. E.D. Pa. Feb. 19, 1999) ("Although there is some support for the Defendants' reading of § 327(e) as limiting appointment of special counsel to counsel who previously represented the debtor … that interpretation of § 327(e) has not been accepted by this court."); *see also In re Covenant Financial Group of America, Inc.*, 243 B.R. 450, 456, fn. 8 (Bankr. N.D. Ala. 1999) (noting that a prior representation of the debtor is not a prerequisite to application of section 327(e)).

9. Here, requiring the Debtor to have retained criminal defense counsel pre-petition would be an impossible task. As noted earlier, the very issues which require the Debtor to retain criminal defense counsel only arose post-petition (during the deposition on July 27, 2022), and as such, the Debtor did not have nor require criminal defense counsel pre-petition. In fact, if this

requirement were in place, the Debtor would not be able to retain <u>any</u> attorney to assist him as special counsel pursuant to 327(e) as the Debtor has never before retained criminal defense counsel on these issues. Therefore, under the facts of this case, the Court should find persuasive case law that allows the Debtor to retain special counsel under section 327(e) notwithstanding the fact that such counsel was not engaged pre-petition.

**B.    Fox's Representation Also Survives the Standards Set Forth in Section 327(a) of the Bankruptcy Code.**

10.     The Debtor believes that, in light of the specialized nature of Fox's representation, section 327(e) is the most appropriate path for Fox to be retained as special counsel to the Debtor. However, should the Court choose to analyze Fox's retention under section 327(a), Fox can overcome the heightened scrutiny under this subsection, and accordingly, under either section 327(a) or (e) should be approved as special counsel to the Debtor.

11.     In instances when special counsel was *not* retained by the debtor pre-petition, but is still only being retained for a specific and special purpose, courts reason, by analogy, that the retention may be fulfilled under sections 327(a) and (c) of the Bankruptcy Code. *In re AroChem Corp.*, 176 F. 3d 610, 622 (2d. Cir. 1999); *see also In re Buffalo Coal Co.*, 2008 WL 1925152, at *4; *see also In re Gregory & Parker, Inc.*, 2013 WL 1279405, at *2-3 (Bankr. E.D.N.C. Mar. 28, 2013)

12.     The two-part test under section 327(a) is set forth below:

> In accordance with a number of other courts, that in applying sections 327(a) and (c) we should reason by analogy to 327(e), so that "where the trustee ***seeks to appoint counsel only as 'special counsel' for a specific matter***, there ***need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself.***" [W]e "interpret that part of § 327(a) which reads that attorneys for the trustee may 'not hold or represent an interest adverse to the estate' to mean that the ***attorney must not represent an adverse interest relating to the services which are to be performed by that attorney***." … Thus, where the interest

> of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand. … Accordingly, in this case we must ask whether—with respect to the ***special representation it has been hired to undertake—[the proposed counsel] (1) holds or represents an interest that is adverse to the estate, and (2) is a "disinterested person."***
>
> *In re AroChem Corp.*, 176 F. 3d at 622 (emphasis added).

13. The threshold inquiry is first, to determine, what is the special representation that Fox has been hired to undertake. As set forth in this Reply, the Application, and the Supplemental Declaration, Fox's representation is specifically limited to the Debtor's potential alleged fraudulent and/or criminal exposure in connection with the Debtor's COVID-19 related loans.

14. Next, it must be determined whether Fox has an interest adverse to the estate with respect to the matter on which it is employed (i.e. the Debtor's potential criminal exposure) and whether Fox is disinterested. *In re Best Craft General Contractor and Design Cabinet, Inc.*, 239 B.R. 462, 467-68 (Bankr. E.D.N.Y. 1999).

15. Often times the analysis of "adverse interest" and being "disinterested" collapse into a single test. *In re Boy Scouts of America*, 35 F.4th 149, 157 (3d. Cir. 2022). Specifically, section 327 conflicts can be sorted into three subcategories: (1) actual conflicts of interest, (2) potential conflicts of interest, and (3) appearances of conflict. *Id.* (citing *In re Marvel Ent. Grp., Inc.*, 140 F.3d 463, 476 (3d. Cir. 1998)). A court may not disqualify an attorney based on the *appearance* of conflict alone. *Id.* The fact that Fox represents Fulton in completed unrelated matters, and that there may be an "appearance" of conflict, is not a *per se* disqualification of Fox representing the Debtor in this case under section 327(a). Fox's representation of the Debtor is solely focused on alleged fraudulent and/or criminal matters and does not overlap with the civil matters where a potential for an adverse conflict with Fulton Bank may arise. Specifically, Fox is

not representing the Debtor in the State Court Action (nor any civil action). There is a bright-line distinction of Fox's representation of the Debtor (i.e. criminal matters only). It is clear that no conflict of interest, actual or potential, is present between the Debtor and Fulton.

**C.     The Debtor Should be Given Deference in Selecting and Retaining Counsel of his Choice.**

16.     The Debtor should be afforded the opportunity to retain the counsel of his choosing. In fact, courts defer to a debtor's preference when ruling on employment applications. "Courts must be cautious about infringing on the right of the debtor to retain counsel of its choice." *See In re Congoleum Corp.*, 426 F.3d 675, 686 (3d. Cir. 2005). "An analysis of the issue of employment of bankruptcy counsel must begin with the premise that debtors should be free to select counsel of their choice…". *In re Decade. S.A.C., LLC*, 2022 WL 486952, at *5 (Bankr. D. Del. Feb. 17, 2022) (quoting *In re 7677 E. Berry Ave. Assocs., L.P.,* 419 B.R. 833, 840 (Bankr. D. Colo. 2009)).

17.     The Debtor has expressed his desire to retain Fox as counsel to defend himself in an extremely sensitive matter. The Debtor implores the Court to allow him the opportunity to retain counsel of his choice. When analyzing whether disqualification of counsel is appropriate, courts take into consideration the ability of litigants to retain counsel of their choice and preventing the use of disqualification as a litigation strategy. *In re Boy Scouts of Am.*, 35 F.4th 149, 160 (3d Cir. 2022) (citing factors). "While reviewing motions to disqualify, courts consider 'the competing public policy interests of preserving client confidences and of permitting a party to ***retain counsel of his choice***.' And 'while there can be no hesitation to disqualify where impropriety has occurred ... judges must exercise caution not to paint with a broad brush under the misguided belief that coming down on the side of disqualification raises the standard of legal ethics and the publics' respect. The opposite effects are just as likely—encouragement of vexacious (sic) tactics and

increased cynicism by the public." *In re Maxus Energy Corp.*, 626 B.R. 249, 256 (Bankr. D. Del.), *motion to certify appeal granted*, 627 B.R. 259 (Bankr. D. Del. 2021) (internal citations omitted). There is no evidence of impropriety surrounding the Debtor's desire to retain Fox. Fox's retention is extremely limited and does not present any conflicts, actual or potential, in this case.

18. Courts have emphasized that motions to disqualify are viewed with a certain amount of skepticism, as they can be used for tactical reasons. *In re Best Craft General Contractor and Design Cabinet, Inc.*, 239 B.R. at 470-71 (citing to *Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d. Cir. 1978) (explaining that disqualification is unfavored and should only be used as a drastic measure and if absolutely necessary).

19. The Debtor's retention of Fox is absolutely necessary to protect the Debtor's significant interests. The Debtor should be afforded deference in his selection of counsel and the Objection should be overruled.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested in the Application, overruling the Objection, and granting such other and further relief as the Court may deem just and proper.

Date: August 30, 2022                             */s/ Mark E. Hall*
                                                  Mark E. Hall
                                                  Marissa Koblitz Kingman

137265746.2