| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | MORRIS S. BAUER | MIAMI |
| SILICON VALLEY | DIRECT DIAL: +1 973 424 2037 | BOCA RATON |
| SAN DIEGO | PERSONAL FAX: +1 973 556 1380 | PITTSBURGH |
| LOS ANGELES | *E-MAIL*: MSBauer@duanemorris.com | NEWARK |
| BOSTON | | LAS VEGAS |
| HOUSTON | *www.duanemorris.com* | CHERRY HILL |
| DALLAS | | LAKE TAHOE |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

September 2, 2022

**VIA ECF AND EMAIL**

Honorable Christine M. Gravelle
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ  08608

      Re:    In re: Varun Malik
                Case No. 22-11708
                **Objection to Debtor's Request to Extend September 1, 2022 Deadline**

Dear Judge Gravelle:

      As Your Honor is aware, this firm represents Fulton Bank, N.A. ("Fulton Bank") in the above-referenced matter (the "Bankruptcy Case").  Kindly accept this letter as Fulton Bank's objection to the Debtor's letter request through his counsel, Bruce Levitt of Levitt & Slafkes, P.C. for an extension of the September 1, 2022 deadline for the Debtor to (i) advise whether he will be proceeding with the settlement; and (ii) produce certain bank statements or file a certification as to why the bank statements cannot be produced along with a contact person at Union Bank of India.

      Mr. Levitt states that "on the advice of special counsel, the Debtor cannot provide either the bank statements or a certification … [r]ather than the Debtor asserting his fifth amendment privilege.  I am requesting a one-week extension."  This statement is consistent with the delays that Fulton Bank has been met with in the State Court Action and the Bankruptcy Case.  Throughout both proceedings Fulton Bank has requested documents, encountered myriad delay tactics, and been forced to file motions to compel production.

      With respect to the India bank statements, Fulton Bank served the Debtor a 2004 exam subpoena in April 2022 requesting "all" bank statements.  The Debtor failed to comply requiring Fulton Bank to file a motion and obtain an order compelling compliance.  Notwithstanding the court order, the Debtor still failed to produce "all" bank statements.  In early June 2022, Fulton Bank served, on notice to Debtor's counsel, a subpoena on PNC Bank to obtain bank statements.

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*                    DAVID A. SUSSMAN, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800                    PHONE: +1 973 424 2000    FAX: +1 973 424 2001
NEWARK, NJ 07102-5429



Honorable Christine M. Gravelle
September 2, 2022
Page 2

Notwithstanding the PNC subpoena, neither the Debtor or his counsel came forward with the PNC bank statements.  Once PNC produced documents in response to the subpoena, Fulton Bank became aware of (i) 6 PNC accounts in the name of the Debtor and not listed on his Bankruptcy schedules; (ii) over $1,000,000 having been transferred or withdrawn from these accounts within 2 to 3 weeks of the petition date; and (iii) the existence of the India bank account, which received over $1,000,000 from the PNC bank accounts.  At the 2004 exam of the Debtor conducted on July 27, 2022, Debtor's counsel appeared surprised at Fulton Bank having discovered the PNC bank accounts and the India bank account.  The Debtor's comment was he will simply have to amend his schedules.

The games being played by the Debtor must be brought to a halt.  The Debtor has committed fraud on Fulton Bank, fraud on the U.S. Government and now bankruptcy fraud.  A simple amendment as suggested by the Debtor does not change these facts.  The Debtor should be compelled to produce the India bank statements.  Asserting his fifth amendment privilege to avoid self-incrimination is arguably no longer available to him as he testified without invoking that right during his 2004 exam.  Nevertheless, if the Debtor believes he needs to invoke the privilege, he should do so now, not later.

The Fox firm also does not need additional time to determine the Debtor's position.  It's retention is retroactive to July 29, 2022 and the presumption is that the firm started rendering services since that date.  Fox has had a month to evaluate the Debtor's position with respect to the undisclosed PNC bank statements and the undisclosed India bank statements.[1]

For the foregoing reasons, the Court should deny the Debtor's request for an extension of the September 1 deadline and further compel the Debtor's immediate production of the India bank statements.

Respectfully,

*/s/ Morris S. Bauer*

Morris S. Bauer

MSB:tjs

cc:  All Counsel (via ECF)

---

[1] The irony of the request is that Fulton Bank objected to Fox's retention because Fox represents Fulton Bank in other matters.  With respect to Fulton Bank's request for the India bank statements, the Debtor is leaning on Fox to represent his interest in opposing such request, a position that is adverse to Fulton Bank.