NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

MORRIS S. BAUER
DIRECT DIAL: +1 973 424 2037
PERSONAL FAX: +1 973 556 1380
*E-MAIL:* MSBauer@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

September 12, 2022

**VIA ECF**

Honorable Christine M. Gravelle
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ  08608

      **Re:**    **In re: Varun Malik
              Case No. 22-11708
              Fulton Bank N.A. Supplement to Discovery Motion**

Dear Judge Gravelle:

      As Your Honor is aware, this firm represents Fulton Bank, N.A. ("Fulton Bank") in the above-referenced matter (the "Bankruptcy Case"). Kindly accept this letter as Fulton Bank's supplement to its Verified Motion for the Entry of an Order (1) Enforcing Court Order Directing Swati Bhatheja a/k/a Swati Malik to Produce Documents and Appear at a 2004 Examination; (2) Enforcing Court Order Directing Glenwood Office Furniture II to Produce Documents and Appear at a 2004 Examination; (3) Setting Dates for the Continued 2004 Examination of Varun Malik and Compelling Varun Malik to Produce Documents; (4) Extending Time to Challenge the Dischargeability of Certain Debts; and (5) Granting Other Related Relief [Dkt. No. 114] (the "Discovery Motion").

      On August 29, 2022, Your Honor entered an Order granting certain of the requested relief [Dkt. No. 158] (the "Discovery Order") and setting the Discovery Motion for continued hearing on September 14, 2022. Paragraph 8 of the Discovery Order requires Varun Malik (the "Debtor") to advise whether he will be proceeding with the settlement with Fulton Bank described in the Discovery Motion. As of this date, the Debtor has not advised whether he will be proceeding with the settlement.

      Paragraph 9 of the Discovery Order provides that "[t]he Debtor shall provide to Fulton Bank on or before September 1, 2022 copies of his Union Bank of India Bank Statements for the years 2018 to the present or Bank Statements associated with bank account number 2174 at the

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*    DAVID A. SUSSMAN, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800    PHONE: +1 973 424 2000    FAX: +1 973 424 2001
NEWARK, NJ 07102-5429

DuaneMorris

Honorable Christine M. Gravelle
September 12, 2022
Page 2

Union Bank of India or in the alternative, a certification stating the reason that the Bank Statements cannot be produced along with the Union Bank of India contact person name, address and telephone number." The September 1 deadline was extended at the Debtor's request to September 6, 2022. On September 6, the Debtor executed a certification [Dkt. No. 169] in which he represents, "Upon the advice of counsel, I invoke my rights pursuant to the Fifth Amendment of the U.S. Constitution, and thus will not be providing discovery and/or documents in response to paragraph 9 of the discovery order. ECF 158."

As discussed below, the Fifth Amendment privilege does not apply to the Debtor's obligation to produce documents. Further, in testifying at his continued Rule[1] 2004 examination on July 27, 2022, with respect to the India bank statements and the transfer of monies, the Debtor has waived the right to assert a privilege under the Fifth Amendment. Accordingly, Fulton Bank respectfully submits that Your Honor should direct the Debtor to (i) produce the Union Bank of India bank statements (the "India Bank Statements") and (ii) respond to questions regarding the India Bank Statements and the information contained therein.

Also, pursuant to paragraphs 6–7 of the Discovery Order, Your Honor directed Swati Batheja—the Debtor's purportedly estranged wife—to produce the Swati Documents on or before September 9, 2022, and her counsel was to coordinate her appearance for a Rule 2004 deposition on September 12, 2022, as well as her appearance at the September 14 hearing on Fulton Bank's motion to convert the case to a chapter 7 proceeding [Dkt. No. 116]. Ms. Bhatheja has not produced any documents, and her counsel has advised that she is out of the country.

Finally, under paragraphs 2–3 of the Discovery Order, Your Honor required Glenwood Office Furniture II ("Glenwood")—the Debtor's purported employer—to produce the Glenwood Documents on or before September 9, 2022, and its counsel was to coordinate dates for Glenwood's representatives to be deposed "for a date shortly after September 9, 2022." Glenwood produced copies of checks payable to the Debtor and requests to Verizon with corresponding records reflecting phone calls. Glenwood also provided dates for Glenwood Office principal Ravi Uppal's deposition. However, Glenwood has not produced any correspondence with the Debtor, including text messages and emails. Glenwood has also failed to provide a deposition date for Tim Quill.

    **I.**    **The Fifth Amendment Privilege Is Not Applicable to the Debtor's Production of the India Bank Statements.**

The Fifth Amendment privilege is not applicable to the Debtor's production of the documents as requested and ordered—namely, the India Bank Statements. The United States Supreme Court decided this exact issue long ago in *Fisher v. United States*, 425 U.S. 391 (1976).

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Discovery Motion.

DuaneMorris

Honorable Christine M. Gravelle
September 12, 2022
Page 3

In *Fisher*, the Supreme Court held that compliance with a summons directing a taxpayer to produce documents, which are not his private papers prepared by him, would involve no incriminating testimony within the protection of the Fifth Amendment. *Id*. at 414. There, the government had sought to compel a taxpayer to produce an accountant's workpapers in his possession. In requiring the taxpayer to produce the documents, the Supreme Court stated that "[the subpoena] does not compel oral testimony, nor would it ordinarily compel the taxpayer to restate, repeat, or affirm the truth of the contents of the documents sought. Therefore, the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the taxpayer, for the privilege protects a person only against being incriminated by his own compelled testimonial communications. The accountant's workpapers are not the taxpayer's. They were not prepared by the taxpayer, and they contain no testimonial declarations by him." *Id*. at 409 (internal citations omitted).

The Supreme Court continued by stating:

> "[W]e are confident that however incriminating the contents of the accountant's workpapers might be, the act of producing them[—]the only thing which the taxpayer is compelled to do[—]would not itself involve testimonial self-incrimination.
>
> It is doubtful that implicitly admitting the existence and possession of the papers rises to the level of testimony within the protection of the Fifth Amendment. The papers belong to the accountant, were prepared by him, and are the kind usually prepared by an accountant working on the tax returns of his client. . . . . The existence and location of the papers are a foregone conclusion . . . . The question is not of testimony, but of surrender.

*Id*. at 410–11 (internal quotation marks and citation omitted).

In following *Fisher*, numerous bankruptcy courts have compelled debtors to produce bank statements or similar documents over the debtor's claim that said production is protected by the Fifth Amendment. *See, e.g.*, *In re Parasi*, 617 B.R. 857, 865 (Bankr. S.C. 2020) ("The mere production of the bank statements does not require Debtor to authenticate them as they can be authenticated by Bank of America, nor does the production require Debtor to concede the truth of their contents since they are records created by a third party."); *In re Mudd*, 95 B. R. 426, 431–32 (Bankr. N.D Tex. 1989) (holding that the requested records, which included bank statements, were maintained in the ordinary course of business, that their preparation was not compelled, and that their existence was a foregone conclusion such that, consistent with *Fisher*, the debtor must produce them); *see also In re Mavashev*, 559 B.R. 332, 338 (Bankr. E.D.N.Y. 2016) ("Conversely, there is no privilege if the existence, location or authenticity is a foregone conclusion."(internal quotation marks and citation omitted)).

DuaneMorris

Honorable Christine M. Gravelle
September 12, 2022
Page 4

Similar to *Fisher*, the India Bank Statements were not prepared by the Debtor, they are not testimonial, and their existence is a foregone conclusion. Accordingly, Your Honor should compel the Debtor to produce the India Bank Statements.

**II.   The Debtor Waived Any Right to Assert the Fifth Amendment Privilege with Respect to the India Bank Statements**

The Debtor waived his Fifth Amendment privilege as to any testimony relating to the India Bank Statements when he voluntarily testified about them in response to Fulton Bank's questions at the July 27, 2022, Rule 2004 examination.

In *Rogers v. United States*, 340 U.S. 367 (1951), the Supreme Court affirmed a finding of contempt against a testifying witness for later pleading the Fifth Amendment privilege and refusing to identify the person to whom the witness gave records. The Supreme Court held that the defendant/witness had waived her Fifth Amendment privilege by testifying that she had been the treasurer of the Communist Party of Denver and that she formerly possessed membership lists and dues records of the party. *Id.* At 374–75. The Supreme Court stated that "federal courts have uniformly held that where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of details." *Id.* at 373.

In applying *Rogers*, several bankruptcy courts have found that a debtor or other person waived the Fifth Amendment privilege by testifying at a section 341 meeting, Rule 2004 examination, and/or a deposition in an adversary proceeding. *See In re A & L Oil Co., Inc.*, 200 B.R. 21, 24–25 (Bankr. D. N.J. 1996) (holding that a witness waived privilege for matters which he testified voluntarily); *In re Mavashev*, 559 B.R. 332 (Bankr. E.D.N.Y. 2016) (holding that, where a chapter 7 trustee moved to compel a witness to produce documents, the witness had waived privilege by testifying at a Rule 2004 examination with respect to the documents at issue); *In re Mudd*, 95 B.R. 426, 430 (Bankr. N.D. Tex. 1989) ( "The trustee has had an opportunity to analyze the Debtor's testimony and study the documents which the Debtor had earlier produced. The Trustee now believes the Debtors' testimony was misleading. To allow the Debtor to plead a blanket Fifth Amendment privilege at this point and refuse to answer any further questions on the subjects covered in his earlier testimony would allow the Debtor to prematurely close the door which he freely opened.")

In *A & L Oil*, this Court held that the witness waived privilege for matters which he testified voluntarily. 200 B.R. at 25. The witness was a defendant in an adversary proceeding where the chapter 7 trustee was alleging that the defendant, Dale, had converted payments totaling $353,000 by failing to turn the payments over the debtor. The chapter 7 trustee proceeded with a Rule 2004 examination of Dale, where Dale produced many corporate and personal documents, including bank statements, and testified about numerous business and personal matters. Dale was represented by counsel at the Rule 2004 examination and testified freely without asserting the Fifth Amendment privilege. With new counsel, Dale appeared at continuation of his Rule 2004 examination, at which time Dale asserted the Fifth Amendment privilege. Dale argued that the



Honorable Christine M. Gravelle
September 12, 2022
Page 5

privilege was not waived because his first attorney never informed him of such right and because he only recently became aware of possible criminal ramifications.

The Court disagreed with Dale and held that he lost his right to assert the Fifth Amendment privilege regarding the matters that were the subject of the Rule 2004 examination. In following *Rogers*, the Court stated that "[o]nce a witness voluntarily reveals incriminating facts, that individual may not invoke the privilege to avoid disclosing the details of those facts". *Id*. at 24. The Court specifically rejected non-binding jurisprudence purporting to limit *Rogers* to instances "where the witness' prior statements have created a significant likelihood that the finder of fact will be left with a distorted view of the truth" and where "the witness ha[d] reason to know that his statements would be interpreted as a waiver for a loss of the privilege to be found," instead holding that waiver turns exclusively on whether the witness "voluntarily revealed criminating facts." *Id.* at 25; *see also In re Walsh Trucking Co., Inc.*, 67 B.R. 863, 864 (Bankr. D.N.J. 1986) ("In the [b]ankruptcy context[,] the Court has held that once a witness has freely testified to incriminating facts, he cannot refuse to testify as to the details." (internal quotation marks and citation omitted)). *Sperber v. Elwell*, No. 13-768, 2014 WL 12621964, at *9 (Bankr. D.N.J. June 26, 2014) (holding that "[a] manipulative use may be found . . . when the invocation [of the Fifth Amendment privilege] is part of a larger 'cat-and-mouse' litigation strategy" (citation omitted)).

Similarly, in the case at bar, the Court should find that the Debtor waived his Fifth Amendment privilege with respect to the India Bank Statements and the facts relating thereto. The Debtor testified voluntarily with counsel at the July 27, 2022, continued Rule 2004 examination.[2] At the Rule 2004 examination, the Debtor was presented with bank statements from six personal PNC bank accounts and PNC wire transmissions reflecting the transfer of monies from at least one such PNC account to a personal bank account at Union Bank of India. The Debtor testified and acknowledged the existence of all of these bank accounts and confirmed that same were not set forth on his Schedules of Assets and Liabilities. He testified that his failure to include was an "oversight."[3] The Debtor also testified that the Union Bank of India bank account was his and that the funds in the Union Bank of India personal account were used to pay "vendors."[4] The Debtor testified that he would provide the "paperwork" to support his testimony with respect to the transfers into and out of this account.[5] For example, the Debtor explicitly testified: "I'll be submitting the supporting paperwork which will identify the account and the payments made to the respective vendors and the dollar amount."[6]

---

[2] *See* Transcript of the July 27, 2022, Rule 2004 examination [Dkt. No. 146-2] at 24 l. 12–25 l. 20; 39 ll. 1–18; 37 l. 14–43 l.6; 102 l. 10–110 l. 8 [hereinafter Transcript].

[3] *See, e.g.*, Transcript at 38 l. 2.

[4] *See, e.g.*, Transcript at 20 l. 5–21 l. 9; 24 ll. 12–17; 39 ll. 1–23.

[5] *See, e.g., id.* at 22 ll. 7–9; 24 ll. 7–8; 25 ll. 1–7; 34 ll. 16–19.

[6] *Id.* at 39 ll. 15–18.



Honorable Christine M. Gravelle
September 12, 2022
Page 6

      Accordingly, the Debtor's testimony opened the door freely and voluntarily, which is a waiver of the Fifth Amendment privilege for which Fulton Bank should be permitted to obtain documents relating thereto and further explore the issue.

### III. Ms. Bhatheja and Glenwood Must Be Compelled to Produce Documents and Appear at a Rule 2004 Examination.

      Notwithstanding the entry of the Discovery Order, Ms. Bhatheja for a third time has failed to produce documents and coordinate her appearance for a Rule 2004 examination. Enough is enough. The Court was sympathetic to Ms. Bhatheja by not sanctioning her. In the Motion, Fulton Bank requested the entry of an order compelling Ms. Bhatheja to appear in Court with the documents on a date certain. Failing such appearance, Fulton Bank requested an Order directing the U.S. Marshal to take her into custody. *See* Dkt. No. 114-4. Counsel to Ms. Bhatheja represented to Fulton Bank's counsel that they have been advised that Ms. Bhatheja is out of the country (without disclosing who advised them of this fact or providing an expected return date). The gamesmanship needs to stop. An order must be entered directing the U.S. Marshal to compel Ms. Bhatheja's appearance.

      Separately, notwithstanding the Court's ruling on August 23, 2022, the entry of the Discovery Order, and the passage of almost three weeks, Glenwood merely produced copies of checks payable to the Debtor and Verizon records reflecting text messages having been sent. No emails, text messages or documents were produced, and counsel <u>did not</u> state that none exist. Instead counsel advised that they "will promptly produce additional responsive documents that we receive from Mr. Uppal." Clearly, Glenwood, Mr. Uppal, and Mr. Quill are not taking the Discovery Order seriously, even though they did pay the sanction amount—albeit late.

      For the foregoing reasons, the Court should compel the Debtor to produce the India Bank Statements, appear for a continued Rule 2004 examination, enter an order directing the U.S. Marshal to take Ms. Bhatheja into custody, and compel Glenwood to complete its production or state that there are no additional documents responsive to the request and grant such other and further relief the Court deems appropriate.

                                                                       Respectfully,

                                                                       */s/ Morris S. Bauer*

                                                                       Morris S. Bauer

MSB:tjs

cc: All Counsel (via ECF)