**LEVITT & SLAFKES, P.C.**
**515 Valley Street - Suite 140**
**Maplewood, New Jersey 07040**
**Ph:  (973) 313-1200**
**Email: blevitt@lsbankruptcylaw.com**
**COUNSEL FOR DEBTOR**
**BY: Bruce H. Levitt, Esq. (BL9302)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | : CHAPTER 11 |
|  | : Case No.: 22-11708CMG |
| VARUN MALIK, | : |
|  | : REPLY TO OPPOSITION TO |
|  | : MOTION FOR CONTEMPT AND |
| Debtor. | : OPPOSTION TO CROSS-MOTION |
|  | : |

Varun Malik, by and through counsel, Levitt & Slafkes, by way of this Reply to Opposition to Motion for Contempt and in Opposition to Cross-Motion, says as follows:

1. In their opposition to the pending motion for contempt, both Fulton Bank and the law firm of Duane Morris (hereinafter "Respondents") agree that the relevant language contained in paragraph 7 of the Court's May 27, 2022 Order provides that "Any discovery produced in connection with the Examination, including but not limited to the Documents, shall not be used by Fulton Bank or any third party in any case or action except for the instant Bankruptcy Case without further Order from this Court".

2. Respondents argue that they are not in contempt of this Court's May 27, 2022 Order because the documents were not produced "by the Debtor".

3. The Opposition, however, ignores the fact that the Order itself defines the term "Documents" as those set forth in Exhibit A annexed to the Order. The protective language in paragraph 7 of the May 27, 2022 Order specifically states that "Any discovery produced in connection with the Examination, including but not limited to the Documents, shall not be used …" (emphasis added).

4. As set forth in the moving papers, the very documents which Respondents filed with the State Court were actually used by them in connection with the Rule 2004 Examination of Varun Malik.

5. The source of those documents is irrelevant. It is their use in connection with the Rule 2004 Examination which invokes the protective language of paragraph 7 of the May 27, 2022 Order.

6. No argument has been raised that those documents were not utilized in connection with Varun Malik's Rule 20024 Examination. Accordingly, Respondents argument must fail.

7. Respondents alternatively argue that they cannot be held in contempt because the language in paragraph 7 is subject to ambiguity. Again, as argued in the moving papers the language is clear and unambiguous.

8. In addition, Respondents argue that the use of the documents in the State Court proceeding caused no harm to the

Debtor because the court did not rely on those documents. The Debtor had no reason to know whether those documents would be relied on when his counsel submitted opposition. Moreover, those documents are a matter of public record for anyone to access.

9. Finally, Respondents seek to be rewarded for their contempt by cross-moving for the court to vacate paragraph 7 of the May 27, 2022 Order entirely. Respondents argue that because summary judgment was granted in the State Court there is no further need for paragraph 7. Attached is the Order Granting Summary Judgment entered by the State Court. Although somewhat confusing, it appears that a money judgment was only entered against Textile Decore USA, Inc. Therefore, it does not appear that the State Court proceeding is in fact over.

WHEREFORE, it is respectfully urged that Debtor's motion for contempt should be granted and the cross-motion denied.

LEVITT & SLAFKES, P.C.
Attorneys for Debtor


By:/s/Bruce H. Levitt
   Bruce H. Levitt

Dated: May 11, 2023

Robert J. Brener, Esq. (ID# 042671992)
Morris S. Bauer, Esq. (ID# 039711990)
Matthew M. Caminiti, Esq. (ID# 212782018)
**DUANE MORRIS LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102-5429
Attorneys for Plaintiff/Counterclaim-Defendant
Fulton Bank, N.A.

| | |
|---|---|
| FULTON BANK, N.A.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>TEXTILE DÉCOR USA, INC. and VARUN MALIK.<br><br>    Defendants/Counterclaim-Plaintiffs. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>Docket No. SOM-L-265-21<br><br>**ORDER** |

**THIS MATTER** having come before this Court on the motion of Duane Morris LLP,
attorneys for Plaintiff/Counterclaim-Defendant Fulton Bank, N.A. ("Fulton Bank"), seeking an
Order (i) granting Fulton Bank summary judgment on its claims against
Defendants/Counterclaim-Plaintiffs Varun Malik and Textile Décor USA, Inc. (collectively,
"Defendants"); and (ii) if pending, granting Fulton Bank summary judgment on the
Counterclaims asserted by Defendants, pursuant to New Jersey Court Rule 4:46, and this Court
having considered the moving papers, and for good cause shown:

IT IS on this _____ 25th _____ day of _____April_____ 2023;

**ORDERED** that Fulton Bank's Motion for Summary Judgment on (i) Breach of the Loan
Agreement (Count One); (ii) Breach of the Guaranty Agreement (Count Two); and (iii) Fraud in
the Inducement (Count Three) is hereby **GRANTED**; and it is further

**ORDERED** that judgment be entered in favor of Fulton Bank and against Defendant Textile Decor USA, Inc. in the amount of $4,670,698.02; and it is further

**ORDERED** Fulton Bank's Motion for Summary Judgment on the Counterclaims for (i) Violation of 15 U.S.C. § 1691, *et seq.*, and/or 12 C.F.R. § 202.7 (Count One); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two); and Promissory Estoppel (Count Three); asserted by Defendants is hereby **GRANTED**; and it is further

**ORDERED** that judgment be entered in favor of Fulton Bank dismissing with prejudice the above Counterclaims asserted against it, and it is further

**ORDERED** that a copy of this Order shall be deemed served by the uploading of this Order on e-Courts.

/s/ **Kevin M. Shanahan, A.J.S.C.**

Hon. Kevin M. Shanahan, A.J.S.C.

The Court's decision was placed on the record on April 17, 2023.
For a copy of the transcript, call 908-332-7700x13035.

2